Ernest C. DAVIS, Petitioner-Appellant,

v.

ATTORNEY GENERAL of the United States, Respondent-Appellee.

No. 29170
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 28, 1970.

Rehearing Denied May 26, 1970.

---

Ernest C. Davis, pro se.

Allen I. Hirsch, Asst. U. S. Atty., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL Circuit Judge:

This appeal is from the denial of a petition in the nature of mandamus, and also from the denial of a petition for habeas corpus in a separate suit. The cases were consolidated in the district court.[1] As to the mandamus action, we affirm in part and reverse in part. We affirm the denial of the habeas petition.

We can quickly dispose of the habeas issue. Appellant was convicted in the United States District Court for the Middle District of Tennessee. His proper remedy is a motion to vacate judgment pursuant to 28 U.S.C.A. § 2255 filed in the sentencing court. Cachoian v. Blackwell, 5 Cir., 1968, 390 F.2d 654; Waugaman v. United States, 5 Cir., 1964, 331 F.2d 189; Birchfield v. United States, 5 Cir., 1961, 296 F.2d 120.

In connection with the petition in the nature of mandamus, appellant claims credit for 269 days spent in pre-sentence custody in 1958 and 1959. The government has already credited him with 279 days, ten days more than he requested. Thus, this complaint is moot.

It is also contended that credit should be given for 1328 days of earned good time ordered forfeited when the appellant's mandatory release was revoked. Such forfeiture is authorized by the provisions of 18 U.S.C. § 4207, made applicable to mandatory releasees by 18 U.S.C.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

§ 4164. Northcutt v. Wilkinson, 5 Cir., 1959, 266 F.2d 2; Buchanan v. Blackwell, 5 Cir., 1967, 372 F.2d 451; Woykovsky v. Chappell, 1964, 119 U.S.App.D.C. 8, 336 F.2d 927.

Appellant's final contention is that he was entitled to credit on his sentence, for time which he spent in a state jail from October 13, 1967 to May 17, 1968 as time "spent in custody in connection with the offense" within the provision of 18 U.S.C. § 3568. In this regard, appellant alleges that on October 3, 1967 he was arrested on state charges, for which bail was set two days later. He avers that he would have posted bail except that on October 13, 1967 the United States Parole Board placed its mandatory release violation detainer warrant against him, directing the state to hold him for federal authorities. The appellant alleges that he pleaded guilty to the state charges on May 17, 1968, at which time he commenced to serve his state sentence.

Appellant represents that even though the parole violator warrant was not then executed, the federal detainer was responsible for his confinement because the state officials relied on the detainer warrant to refuse to release him on bail.

We hold that the appellant has adequately alleged facts which, if proven, will entitle him to credit on his federal sentence under 18 U.S.C. § 3568.[2] If he was denied release on bail because the federal detainer was lodged against him, then that was time "spent in custody in connection with the [federal] offense," since the detainer was issued upon authority of the appellant's federal conviction and sentence. Thus, the judgment of the district court is reversed and the cause remanded for an evidentiary hearing on this issue.

2. *Cf.* United States v. Morgan, 5th Cir. 1970, 425 F.2d 1388, 18 U.S.C. § 3568 provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. * * *"

The judgment denying the habeas petition is affirmed. The judgment denying the petition in the nature of mandamus is denied save as to the issue of credit, as stated, for time spent in state custody.

Reversed in part and affirmed in part.