Jonnie C. DOSS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 70 C 628(1).

United States District Court,
E. D. Missouri,
Eastern Division.

March 4, 1971.

Jonnie C. Doss, pro se.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on petitioner's motion to vacate judgment and sentence under the provisions of 28 U.S.C. § 2255. Petitioner has been convicted in this Court on two occasions: the first conviction was before Judge Harper in cause No. 62 Cr. 12(2), theft from interstate shipment, 18 U.S.C. § 659; the second conviction was before Judge Meredith, in cause No. 64 Cr. 202(2), possession of property stolen from an interstate shipment, 18 U.S.C. § 659. Petitioner was discharged from the first conviction on January 25, 1968, and released to the community.

The reason for this petition is the second conviction and sentence. Petitioner was sentenced to a term of six years imprisonment on this charge. He was paroled and not in federal custody from January 25, 1968, until November 7, 1969, but during this period he was under supervision on parole from the sentence in cause 64 Cr. 202(2).

On March 14, 1969, a warrant was issued by the United States Board of Parole charging petitioner with leaving the district without the permission of his parole officer. Before this warrant was executed, petitioner was arrested by the St. Louis, Missouri, police on a charge of carrying a concealed weapon and sentenced to six months in the City Workhouse.

A corrected warrant was issued on September 17, 1969, to include the state charges for which petitioner received the six-month sentence. On November 7, 1969, petitioner was taken into custody by the United States Marshal on the parole violater warrant issued on September 17, 1969. He was arrested at the St. Louis City Jail where he had, until then, been held on state charges. On December 10, 1969, petitioner was delivered by the Marshal to the United States Penitentiary, Terre Haute, Indiana, to serve a parole violater's term of 1,420 days, which is the unserved balance of the original six year sentence received in 64 Cr. 202(2). See 18 U.S.C. §§ 4205, 4207.

Petitioner contends that he should be allowed credit on his federal sentence for the time he spent in the city workhouse because the state officials would have released him on bail if the federal detainer warrant had not been lodged against him. It is his contention that this was time spent in custody in connection with the federal offense since the detainer was issued upon the authority of the federal conviction and sentence. The period of time for which petitioner seeks credit is from May 1, 1969, through November 7, 1969.

In this case, petitioner's sentence is controlled by 18 U.S.C. § 3568, which, as pertinent, provides that the "sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." It is the opinion of this Court that petitioner was not in federal custody until November 7, 1969. Therefore, petitioner is not entitled to credit for the time spent in jail on the state charges. Petitioner's motion to vacate judgment and sentence will be denied.