**1274**

Jonnie C. Doss, pro se.

Daniel Bartlett, Jr., U. S. Atty. and John A. Newton, Jerry J. Murphy, Asst. U. S. Attys., St. Louis, Mo., for appellee.

Before LAY, HEANEY, and STEPHENSON, Circuit Judges.

**Jonnie C. DOSS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 71-1300.

United States Court of Appeals, Eighth Circuit.

Oct. 26, 1971.

PER CURIAM.

Jonnie C. Doss appeals from the judgment of the District Court for the Eastern District of Missouri, 327 F.Supp. 179, denying his motion, brought under 28 U.S.C. § 2255, to receive federal credit for time spent in the custody of the State of Missouri.

We reach the merits of the matter even though Doss is not entitled to immediate release should he prevail. We do so because Doss has exhausted his administrative remedies within the Bureau of Prisons and because his request comes only a short time before he may be eligible for release.

Doss was convicted in 1964 on federal charges. He was sentenced to six years'

imprisonment. On January 27, 1967, he was released on parole. A parole violator's warrant was subsequently issued against him on March 14, 1969, but was not executed at that time. Doss was arrested by the State of Missouri on April 26, 1969, on a concealed weapons charge. He was held until he pleaded guilty to that charge on September 30, 1969. On the latter date, he was sentenced to seven months in custody, but was given credit toward his state sentence for the time he had been incarcerated from April 26, 1969. Thus, he was released by the state on November 7, 1969, and was taken into federal custody, where he remains.

Doss claims that he is entitled to credit for the time he spent in state custody from April 26, 1969, until November 7, 1969. He alleges that a federal detainer was lodged against him as a result of the issuance of the parole violator's warrant; and that because of the detainer the state refused to set bail on the state charge and, further, refused him outside work privileges while he was in state custody. Doss contends that, on the authority of 18 U.S.C. § 3568 [1] and Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), he is entitled to federal credit for this time as time "spent in custody in connection with the [federal] offense." 18 U.S.C. § 3568.

The Government contests Doss's assertion that he was denied admission to bail because of the federal detainer. No evidence was taken on this issue by the District Court. Even if Doss's statement of the facts is correct, however, we are of the view that he is not entitled to federal credit for the time served in state custody.

Davis v. Attorney General, *supra*, is not authority for the proposition that a prisoner, held on state charges and denied bail because of the lodging of a federal detainer, is entitled to federal credit for the time thus spent in all instances. In *Davis*, there was no indication that the petitioner had received state credit for time served in state custody. Cf., Jackson v. Attorney General of the United States, 447 F.2d 747 (5th Cir. August 23, 1971).

While the Fifth Circuit, in Jackson v. Attorney General, *supra*, did not deal with the precise situation we face, we agree with the opinion of that court to the extent that it states:

"Let us put petitioner's position in perspective. Here he owed a debt to two sovereigns. Each had a right to exact its debt successively and independently of the other. * * * For every day he spent in jail because of either, the petitioner was and is entitled to credit from one sovereign or the other. But what he now claims is that, having already received credit from one, he is now entitled to credit from both. Carried to its logical conclusion this could only mean that as to a prisoner facing both state charges and federal parole revocation, all state jail time is necessarily joint and concurrent with the unexpired portion of his federal sentence.

"The court does not read *Davis* as requiring any such result. Certainly

---

[1]. This Court has previously held that the provision of § 3568 in question is not retroactively applicable to cases in which sentence was imposed prior to the effective date of the 1966 amendment. Noorlander v. United States, 404 F.2d 603 (8th Cir. 1968). See, Swift v. United States, 436 F.2d 390 (8th Cir. 1970). Neither of these cases contemplated a situation such as this one, however, in which the time for which credit is sought was spent subsequent to the passage of the 1966 amendment, and not prior to conviction on the original federal charge. We need not decide whether *Swift* and *Noorlander* control this situation in view of the result we reach.

There is further question as to whether § 3568 applies to a parole violator situation. Even if it does, however, Doss would not be entitled to double credit. The Bureau of Prisons assumes that § 3568 applies to parole violators, and grants credit where the parole violator has not also received credit on a state sentence.

that is not what *Davis* says and certainly it has never been the law before. * * *"

Jackson v. Attorney General, *supra*, 447 F.2d at 749.

The judgment of the District Court is affirmed.