**Paul CHAPLIN, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 71–2403
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1971.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Paul Chaplin, pro se.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Paul Chaplin appeals from the district court's denial of his petition seeking credit on his federal prison sentence for certain time spent in state custody. We affirm the ruling below for the reasons stated in the district court's final order, which is appended hereto. Jackson v. Attorney General, 5th Cir. 1971, 447 F.2d 747.

Affirmed.

## APPENDIX
### ORDER

The original petition for the writ of mandamus filed in this case was dismissed by order of the court dated October 27, 1970, for failure to state a claim upon which relief could be granted. Subsequently, upon petitioner's motion for reconsideration, the order of October 27th was vacated and a response was ordered. Having received and considered the response and petitioner's traverse thereto, the court now reaffirms its decision of October 27th.

Relying on 18 U.S.C. § 3568 petitioner seeks credit for time spent in custody between April 25, 1968, and January 14, 1970. The record reveals [1] that on July 21, 1958, petitioner was convicted in a New York state court and sentenced to not less than ten years nor more than twenty years for the offense of manslaughter. On April 27, 1964, petitioner was released on parole by New York authorities. On October 10, 1967, while under state parole supervision, petitioner was arrested by federal narcotics agents and subsequently released on bond. While free on bond with respect to federal charges, petitioner was arrested on April 25, 1968, by state authorities for violation of his New York parole.[2] On

---

1. Though petitioner disputes some of the dates indicated in the record, it is not necessary to resolve these factual differences. Even assuming that petitioner's factual contentions as to exact dates are correct, his legal contentions are erroneous.

2. Respondent's contention that petitioner received credit toward his New York sentence for time spent in custody between August 25, 1968 and July 25, 1968, is refuted by petitioner. Since the factual issue has no bearing on the nature of petitioner's state custody, it is immaterial when considering whether petitioner is entitled to credit on his federal sentence. The question of credit for state time is a matter for the state authorities.

several occasions petitioner appeared in federal court in connection with charges for violation of federal narcotics laws and on each occasion he appeared by way of a writ of habeas corpus ad prosequendum. Petitioner was again paroled by New York authorities on January 14, 1970, and turned over to federal authorities to begin service of a five-year federal sentence.

The record conclusively shows that between April 25, 1968, and January 14, 1970, petitioner was exclusively in state custody for a state parole violation, except when appearing in federal court via habeas corpus ad prosequendum. Upon this finding, petitioner is not entitled to credit toward his federal sentence for such time spent in state custody. Howard v. United States, 420 F.2d 478 (5th Cir. 1970).

Petitioner's reliance on 18 U.S.C. § 3568 is equally without merit. Petitioner contends that since his federal arrest was the cause of his state parole revocation, any time spent in state custody because of the parole revocation was time spent in custody in connection with the offense or acts for which the federal sentence was imposed, as contemplated by § 3568. While the argument has some superficial appeal, it is not consistent with the purpose of § 3568. The state parole violation and the sentence relative to it constitute a separate offense from the federal offense. Petitioner's state custody was predicated upon his violation of a parole condition, while the federal sentence was imposed for violation of the federal narcotics laws. The fact that petitioner's federal arrest was one reason assigned for revocation of his state parole,[3] does not make § 3568 applicable.

Petitioner's reliance on Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), is also misplaced. Petitioner was in state custody serving the remainder of a state sentence and not awaiting disposition of state charges as was the petitioner in *Davis*. Since petitioner could not have made bail on the state charges, the federal detainer had no effect on his confinement.

For the foregoing reasons, the petition for the writ of mandamus is dismissed and the Clerk is directed to return to petitioner the printed documents which relate to petitioner's application for certiorari in the United States Supreme Court and which petitioner has designated for return.

This 4th day of June, 1971.

(Signed) NEWELL EDENFIELD
NEWELL EDENFIELD
United States District Judge

---

3. In addition to the federal arrest, state authorities also cited driving without a license or permission in revoking petitioner's parole.