Charles Thomas **TAYLOR**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 71–3228

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

March 15, 1972.

---

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

James S. Moore, Jr., El Paso, Tex., court-appointed, for defendant-appellant.

William S. Sessions, U. S. Atty., Ralph E. Harris, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellant Charles Thomas Taylor brings this appeal from the district court's denial of his "motion for reduction of sentence" brought pursuant to Rule 35, F.R.Crim.P., following his plea of guilty to a charge of assaulting Federal officers while using a deadly or dangerous weapon.[1] Appellant was assessed a sentence of seven years under the provisions of 18 U.S.C. § 4208(a)(2).[2]

Appellant Taylor's first contention on appeal is that because the weapon he used in the assault of Federal officers was an unloaded pistol, he was not guilty of assault with a "deadly or dangerous" weapon. He relies on United States v. Davis, 429 F.2d 552 (8th Cir., 1970). We note, however, that the Eighth Circuit there held merely that the court should leave to the jury the question of whether the unloaded pistol under the circumstances of that case was a dangerous weapon. In the instant case appellant held a pistol, albeit unloaded, on two Federal officers in such a manner that they were forced to surren-

---

1. This is a violation of 18 U.S.C. § 111, which provides:

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

"Whoever, in the commission of any such act uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. Under this provision the sentencing court "may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

der their own weapons and permit appellant to escape. Appellant well understood the offense charged and the maximum sentence the court could impose, and he entered a fully voluntary plea of guilty.

It is well settled that motions for reduction of sentence are addressed to the sound discretion of the district court, and the sentence will not be questioned on appeal so long as the sentence is within the statutory limits and there is no showing of arbitrary or capricious action amounting to a gross abuse of discretion. United States v. Sanders, 438 F.2d 344 (5th Cir., 1971); United States v. Moore, 427 F.2d 38 (5th Cir., 1970); United States v. Weiner, 418 F.2d 849 (5th Cir., 1969). We conclude that the court below did not abuse its discretion in sentencing appellant to seven years.

Appellant's second contention is that the trial court erred in refusing to grant him eight months' credit for time spent in the custody of the State of California authorities while under a Federal detainer. He contends that on March 31, 1970, he was arrested in California for an unrelated State charge, and that on April 2, 1970, a Federal detainer for the instant offense was lodged against him. Appellant alleges that a State court-appointed investigator was unable to post bail bond on the State charge because of the Federal detainer. The California State sentence was imposed on December 1, 1970, to run concurrently with the instant Federal sentence. Appellant seeks credit for the period from March 31, 1970 to December 1, 1970, the time he was in State custody awaiting disposition of State charges.

The district court made no finding on the question of whether appellant's confinement was attributable to the Federal detainer, despite that if appellant's allegations are accepted as true, he is entitled to the credit he seeks under 18 U.S.C. § 3568. This court held in Davis v. Attorney General, 425 F.2d 238, 240 (5th Cir., 1970), that "[i]f [appellant] was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the [federal] offense,' since the detainer was issued upon authority of the appellant's federal conviction and sentence." See Chaplin v. United States, 451 F.2d 179 (5th Cir., 1971).[3] Radcliffe v. Clark, 451 F.2d 250 (5th Cir., 1971); Willis v. United States, 438 F.2d 923 (5th Cir., 1971).

We remand for further proceedings, and an evidentiary hearing, if necessary, on appellant's contention that he is entitled to credit for the period from March 31, 1970 to December 1, 1970. Spence v. United States, 452 F.2d 1198 (5th Cir., 1971).

Affirmed in part, reversed and remanded in part.

---

3. In *Chaplin* the petitioner was not entitled to the credit he sought because he was in State custody serving the remainder of a State sentence and not awaiting disposition of State charges as was the petitioner in Davis v. Attorney General, *supra*.