**Henry E. SHIELDS, Appellant,**

v.

**L. E. DAGGETT, Warden, Appellee.**

**No. 71–1614.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1972.

Filed May 19, 1972.

William E. Falvey, St. Paul, Minn., for appellant.

Joseph M. Livermore, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, Mr. Justice CLARK,* and LAY, Circuit Judge.

PER CURIAM.

This question has been here before. Should a state prisoner who is also on detainer for violation of his federal parole receive credit against his federal sentence for the time spent in pretrial state custody when the state court gave him credit in the state sentence? We have answered "no" to this question in two previous cases. Doss v. United States, 449 F.2d 1274 (8 Cir. 1971); United States ex rel. Derengowski v. United States Attorney General, 457 F.2d 812 (8 Cir., April 3, 1972). For the same reasons we answer no again.

Petitioner's case presents no special equities. The original state burglary charge was subsequently dismissed on July 1, 1970. However, on May 6, 1971, petitioner's arrest on that charge and his failure to appear in court prompted the revocation of his federal parole and the issuance of a warrant. On May 25, 1970, the petitioner was again arrested by Illinois authorities for theft and bribery. The federal warrant was placed as a detainer against him. Since the warrant set forth only the burglary charge which had been dismissed on July 1, 1970, the petitioner requested to have a hearing on the detainer or to have it removed. The federal parole board denied both requests. On February 19, 1971, the petitioner entered a plea of guilty to the state charges. His sentence was three years probation *in addition to the time already served in jail.* On March 3, 1971, the convictions for theft and bribery were added to the mandatory release violator warrant. On April 23, 1971, the parole board held a revocation hearing and in view of the fact that the petitioner had been convicted, the board ordered his mandatory release revoked.

Shields' main contention seems to be that he was entitled to a hearing on the detainer at the time state charges were dismissed. He reasons that since he could have made bond on the theft and bribery charges but for the "invalid" detainer, he was entitled to credit on his federal sentence. We would agree under the authority of Davis v. Attorney General, 425 F.2d 238 (5 Cir. 1970), that such credit might be given, *but* the reasoning of *Davis* is not applicable where credit for the time served has already been given on the state sentence. See Jackson v. Attorney General of United States, 447 F.2d 747 (5 Cir. 1971).

Judgment affirmed.

* The Honorable Tom C. Clark, Associate Justice of the United States Supreme Court, Retired, sitting by special designation.