Roman Columbus **BROWN**, Appellant.

v.

**UNITED STATES of America,**
Appellee.

No. 73–1785.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Jan. 15, 1974.

Roman Columbus Brown, pro se.

Donald J. Stohr, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and STUART, District Judge.*

PER CURIAM.

Appellant Brown appeals from a decision by the United States District Court for the Eastern District of Missouri denying his petition for a correction of his federal sentence.

On May 5, 1972, appellant was arrested by the St. Louis, Missouri, police on a charge of armed robbery. On May 8, 1972, a federal detainer was lodged against appellant for parole violation. On June 15, 1972, the state charge was dismissed and appellant was subsequently returned to federal custody. During the period from May 5 to June 15, appellant was in continuous state custody, unable to secure his release on bail. Appellant seeks to have the time spent in state custody credited against his federal sentence on the theory that the federal detainer was the cause of his inability to make bail.

Title 18, United States Code, § 3568, provides in part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody *in connection with* the offense or acts for which sentence was imposed. (Emphasis added.)

Focusing on the "in connection with" language of this section, the Court of Appeals for the Fifth Circuit, in Davis v. Attorney General (5th Cir., 1970), 425 F.2d 238, 240, held that a prisoner denied release on bail by state authorities because of an outstanding federal detainer lodged against him is in custody in connection with a federal offense and entitled to credit against his federal sentence for the time spent in state custody. This court has recognized the authority of *Davis*. *See* Shields v. Dagget (8th Cir., 1972), 460 F.2d 1060, 1061.[1]

The court is of the opinion that appellant's case is within the rule set forth in *Davis*. Appellant is entitled to relief.

Accordingly, the decision below is reversed, and the case is remanded for entry of an order granting appellant the credit to which he is entitled [2] against his federal sentence.

Judgment reversed and remanded with directions.

---

* W. C. Stuart, District Judge, Southern District of Iowa, sitting by designation.

1. Since appellant received no credit for the time spent in state custody against any state sentence, there is here no problem of double credit for the time spent in state custody. This case is thus distinguishable from the facts in *Shields* and in Doss v. United States (8th Cir., 1971), 449 F.2d 1274.

2. Although appellant only seeks to have his federal sentence shortened by five days, it appears from the record that he is entitled to credit for the entire period from May 8, the day the detainer was lodged against him, to June 15, the day he was released from state custody.

