**James CULOTTA, Petitioner,**

v.

**Warden PICKETT, United States Penitentiary, Marion, Illinois, Respondent.**

Civ. No. 73–198–E.

United States District Court,
E. D. Illinois.
March 25, 1974.

Roy Eugene Clark, Mount Vernon, Ill., for petitioner.

Henry A. Schwarz, U. S. Atty., William C. Evers, Asst. U. S. Atty., East Saint Louis, Ill., for respondent.

ORDER

FOREMAN, District Judge:

Petitioner, presently confined at the United States Penitentiary, Marion, Illinois, presents this application for a writ of habeas corpus, claiming that he had been denied jail time credit on his federal sentence. This Court originally dismissed the petition, ruling that the matter was properly raised by means of a 28 U.S.C. Section 2255 motion in the sentencing court. Petitioner then filed a motion to vacate the order, claiming that he would be entitled to release if he was credited with the proper amount of

jail time. On the basis of this new allegation, the Court vacated the prior dismissal and ordered the Respondent to show cause why the writ should not issue.

The Court appointed an attorney for the Petitioner and held a hearing in Benton, Illinois, on January 16, 1974.

Culotta apparently had been convicted and sentenced for a violation of the state penal law. After his release from confinement, but during the period he was still on parole, officials of the State of New York arrested Culotta on July 23, 1966, for violation of the New York Penal Code Sections 887 and 1751.

A federal warrant of arrest was filed against Culotta as a detainer on July 25, 1966, for violation of 18 U.S.C. Section 472. The State of New York instituted parole revocation proceedings against Culotta and Culotta was released to the custody of the State of New York. The State of New York revoked his parole on January 18, 1967. Culotta was sentenced in federal court for a violation of 18 U.S.C. Section 472 and this sentence was filed as a detainer with the State of New York. Culotta was released to federal custody on July 22, 1968, and he is currently serving his federal sentence. The State of New York having decided to revoke Culotta's parole never prosecuted him for the offenses for which he was arrested in 1966.

The period for which Culotta claims that he should receive credit is November 16, 1966 through October 25, 1967. This is the period during which Culotta was held in custody by the State of New York prior to his conviction in federal court. During this time there apparently was a federal detainer placed against him.

The applicable statute is 18 U.S.C. Section 3568, which states that a sentence of imprisonment commences to run from the date such person is received at the penal institution for service of such sentence. The statute continues, "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

The legislative history concerning this part of the Act, in relevant part, states as follows:

"Section 4 of the bill amends section 3568 of title 18 of the United States Code in order to provide credit for time spent in custody. Such a person shall receive credit toward service of a sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. This credit shall be given by the Attorney General. This language required that credit be given for the time spent in custody in connection with the charge or acts on which the person was arrested or on which he was sentenced. This will cover the situation where a person is arrested on a serious charge but convicted and sentenced later for a lesser offense. It would also include *credit for time spent in State custody on a charge which subsequently evolves as a Federal offense.* (Emphasis Added) House Report No. 1541, 1966 U.S. Code Congressional and Administrative News at p. 2306.

Although it is not entirely clear, it appears that Culotta was originally sentenced in New York State court for armed robbery. He was subsequently paroled and, while on parole, he committed the acts involving counterfeiting which gave rise to the conviction of the sentence of which he is now serving. Because of his involvement with the counterfeiting, the New York authorities revoked Culotta's parole.

Petitioner contends that he should receive jail time credit for this period served in a New York institution, since the same acts both constituted a violation of federal law and served as a basis for revocation of the state parole. He, thus, claims that the time he spent in New York custody was spent in connection with the offense or acts for which the federal sentence was imposed.

Respondent contends that during this disputed period, Culotta was in the exclusive custody of the State of New York and that a parolee in New York may not be released on bail pending his parole revocation hearing. People ex rel. Angell v. Lynch, 71 Misc.2d 921, 337 N.Y.S.2d 556 (1972). He further contends that a federal prisoner is not entitled to credit for time served in state custody against his federal sentence when the federal charges did not obstruct his freedom.

One of the leading cases in this area held that if a person was denied release on bail solely because a federal detainer was lodged against him, then that was "time 'spent in custody in connection with' " the federal offense within the meaning of 18 U.S.C. Section 3568. Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970).

In *Davis*, the sole fact that the federal warrant was lodged against Davis prevented his release. The instant case, thus, differs from *Davis*, because in this case it was New York law that prevented Culotta's release, regardless of the fact that the federal detainer had been lodged against him.

In a subsequent Fifth Circuit decision, where the petitioner could have obtained his release by posting state bond, applying to be admitted to federal bail, and then posting a federal bond or obtaining his release on his personal cognizance, the Court concluded that he was not entitled to federal jail credit for time served in state custody. That Court found, "In short, petitioner was not in custody 'in connection with' his federal offenses because, at any time during his pre-trial state custody, he could have been admitted to federal bail by taking appropriate steps under the Bail Reform Act of 1966 . . . ." Boyd v. United States, 448 F.2d 477 (5th Cir. 1971). That Court continued, "Some petitioners appear to contend that the mere presence of a state and federal charge at the same time automatically gains credit. It does not. If both charges are bailable, a prisoner is free to seek the right of bail in each instance. Failure to do so does not inure to receive double credit. Thus, *Davis, supra,* applies only where a prisoner continues in state custody solely because of the presence of a federal detainer issued in connection with a non-bailable federal offense, or a federal offense for which bail has been refused." 448 F.2d at 478–479.

In another case, arising from facts very similar to those of the instant case, the Fifth Circuit Court of Appeals denied jail credit for time served in state custody. Chaplin v. United States, 451 F.2d 179 (5th Cir. 1971). In that case the petitioner had been released on parole from state charges in New York. While he was on parole, he was arrested by federal narcotics agents and subsequently released on bond. While free on that bond with respect to the federal charges, petitioner was arrested by state authorities for violation of his New York parole. The Court in that case noted that after being arrested by state officials for violating his parole through the time he was again paroled by state authorities and turned over to federal authorities, he was exclusively in state custody except for brief appearances before a federal court pursuant to writs of habeas corpus ad prosequendum and, therefore, he was not entitled to credit toward his federal sentence for such time spent in state custody. That Court pointed out that the state parole violation and the sentence relative to it constitute a separate offense from the federal offense. The state custody was predicated upon his violation of a parole condition, while the federal sentence was imposed for violation of the federal narcotics laws. The Court stated that the fact that the petitioner's federal arrest was one of the reasons for the revocation of state parole, does not make Section 3568 applicable (451 F.2d at 181). That Court also noted that reliance on *Davis* was misplaced, because the federal detainer had no effect upon his confinement, since the petitioner could not have made bail on the state charges.

Where a prisoner had been convicted first of state charges and subsequently of federal charges he applied to federal court to secure credit for 132 days spent in jail prior to imposition of his state sentence. The Court denied the request, saying, " . . . . appellant was in jail prior to imposition of his state sentence because of failure to make a state bond and not because of the federal detainer which was filed because of the (federal) violations." United States v. McCrocklin, 410 F.2d 1137 (6th Cir. 1969). That case may be distinguishable from the instant case because the federal charge was violation of the Dyer Act and the state charge was passing bad checks, but the reasoning is still instructive.

In another case, where a prisoner sought credit for time served on his sentence prior to the time of the imposition of his federal sentence, a federal court rejected the request, noting that he had received credit for this time on his state sentence and it would be tantamount to double time if the prisoner is also credited for the federal sentence. Siegel v. United States, 436 F.2d 92 (2d Cir. 1970).

That court continued:

"appellant claims that the 1966 Amendment to § 3568 requires credit for such time. This is an absurdity which we refuse to attribute to Congress. The legislative history of this Amendment clearly reveals that it was intended to confer credit for time spent in federal custody by a prisoner to prevent a judge from frustrating the will of Congress by adding a comparable period to that served while awaiting sentence to the sentence itself; and, finally, to extend the provision to all federal crimes rather than only to those requiring minimum mandatory sentences. See United States v. Tomaiolo, 294 F.Supp. 1296 (E.D. N.Y.1969). Section 3568 merely allows credit for all of the time that a prisoner is deprived of while held in custody in connection with the 'offenses or acts' on which he was sentenced. Appellant was being held on his state sentence—not his federal one—and was made available to federal authorities purely as a matter of comity." 436 F.2d at 95.

The Second Circuit similarly refused to give a prisoner credit for the 79 days he spent in state incarceration. He had been in state custody pursuant to a state conviction and had been released to federal authorities pursuant to a writ of *habeas corpus ad prosequendum.* The court noted that the prisoner was continuing to serve his state imposed sentence and the State granted him credit for those days toward service of his state sentence. Jefferson v. United States, 389 F.2d 385 (2nd Cir. 1968). It should be pointed out that in that case there was no evidence concerning whether the state offense was related to the federal offense, but the jail credit was considered relative to Section 3568.

Other courts have considered the applicability of Section 3568 in different contexts and have interpreted the statute strictly. See, for example, Bruss v. Harris, 479 F.2d 392 (10th Cir. 1973); Shields v. Daggett, 460 F.2d 1060 (8th Cir. 1972); United States ex rel. Derengowski v. United States Attorney General, 457 F.2d 812 (8th Cir. 1972); Doss v. United States, 449 F.2d 1274 (8th Cir. 1971); United States v. Eidum, 474 F. 2d 579 (9th Circuit 1973).

In another Fifth Circuit case, the court while concluding that where the prisoner declines state bail or cannot make it, federal credit does not commence until he is actually surrendered to federal authorities. Also noted that *holding to the contrary would give a prisoner not making bond an advantage over those who did.* Jackson v. Attorney General of the United States, 447 F.2d 747 (5th Cir. 1971). Such a prisoner not making bond could receive credit toward both his state sentence and toward his federal sentence.

For these reasons, the Court concludes that Culotta's application for a writ of habeas corpus should be, and it is hereby denied.

*It is so ordered.*