875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank E. SNYDER, Petitioner-Appellant,
v.
William PETERS; M.W. Hillebrand; Records Control Systems,
F.C.I., Ashland, Kentucky, Respondents-Appellees.
 No. 88-6191.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before ENGEL, Chief Judge, and MERRITT and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Frank E. Snyder, a pro se federal prisoner, appeals the district court's order dismissing his petition for a writ of mandamus filed pursuant to 28 U.S.C. Sec. 1361. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Snyder is currently incarcerated in Kentucky serving a five (5) year sentence imposed by the U.S. District Court for the Northern District of Georgia on September 26, 1985. Prior to the federal conviction, on March 24, 1984, Snyder was arrested on a state charge by New Jersey authorities. While Snyder was confined in New Jersey, a federal detainer was lodged against him. On June 28, 1985, Snyder received a six (6) month sentence from a New Jersey court and on July 1, 1985 was delivered to federal custody.
 
 
 3
 On July 15, 1988, Snyder filed a petition for a writ of mandamus with the district court seeking 10 months credit against his federal sentence because he had been incarcerated in New Jersey for sixteen (16) months but had only received credit from the state for six (6) months and the federal detainer which had been lodged against him had prevented him from posting bail on the state charge. The district court referred this matter to a magistrate who found that Snyder had failed to exhaust his administrative remedies and recommended that the case be dismissed. After Snyder filed timely objections to the magistrate's report, the district court reviewed the files and records, adopted the magistrate's report and recommendation, and dismissed the petition. Snyder then filed a timely notice of appeal.
 
 
 4
 Upon consideration, we affirm the district court's judgment. Mandamus is an extraordinary remedy which will only issue when a petitioner shows that his right to the issuance of the writ is clear and indisputable. In Re Bendectin Prod. Liab. Litig., 749 F.2d 300, 303 (6th Cir.1984); Vishnevsky v. United States, 581 F.2d 1249, 1253 (7th Cir.1978). Additionally, before a federal prisoner can bring a successful suit for mandamus, all his administrative remedies must be exhausted. Jones v. Henderson, 495 F.2d 559 (5th Cir.1974).
 
 
 5
 In this instance, after a review of the record, we conclude that Snyder has neither exhausted his administrative remedies nor established that his right to the remedy of mandamus is clear and indisputable.
 
 
 6
 Snyder has not pursued his administrative remedies beyond presenting a formal complaint to the staff members at the prison. However, 28 C.F.R. Secs. 542.10-. 16, which set forth the administrative remedies available to inmates confined in institutions controlled by the Bureau of Prisons, permit appeal of unsatisfactory responses to a formal complaint to the Regional Director, and if necessary, to the Office of General Counsel of the Bureau of Prisons.
 
 
 7
 Further, although a prisoner denied release on bail by state authorities because of an outstanding federal detainer lodged against him is in custody in connection with a federal offense and is entitled to credit against his federal sentence for time spent in state custody, Brown v. United States, 489 F.2d 1036, 1037 (8th Cir.1974) (per curiam), such credit against the federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. United States v. Blankenship, 733 F.2d 433, 434 (6th Cir.1984). Further, a state prisoner, who was also subject to a federal detainer, is not entitled to credit for time spent in pretrial state custody when the state court gave him credit against the state sentence. Shields v. Doggett, 460 F.2d 1060, 1061 (8th Cir.1972) (per curiam).
 
 
 8
 A review of the pleadings in this instance reveals a significant uncertainty as to whether Snyder was denied bail by the state authorities because of the federal detainer or whether state bail had been set but Snyder was unable to post the necessary amount.
 
 
 9
 Accordingly, the district court's denial of this petition for mandamus is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.