61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis H. MARKS, Petitioner/Appellant,
v.
Jeffrey J. CLARK, Warden, Respondent/Appellee.
 No. 94-2816.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 25, 1995.
 
 Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Dennis H. Marks appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. Marks claims that 651 days should be credited against his federal sentence for time he spent in pre-trial custody in the United Kingdom for violating that nation's drug-smuggling laws. We affirm.
 
 I. Background
 
 2
 Dennis Marks is currently incarcerated in United States Penitentiary at Terre Haute, Indiana, following his plea of guilty to racketeering and conspiracy to engage in racketeering, in violation of 18 U.S.C. Secs. 1962(c) and 1962(d).
 
 
 3
 Marks's interest in illegal drugs began when he was a student at Oxford University in the late 1960s. He soon became involved in smuggling illegal drugs into the United Kingdom and the United States. On November 20, 1973, United Kingdom authorities arrested Marks and charged him with "conspiracy to assist the importation of cannabis or cannabis resin into the United States of America."[1] Marks remained in custody in the United Kingdom until his release on bail on December 2, 1973.
 
 
 4
 Marks skipped bail, but was arrested by United Kingdom authorities on May 19, 1980. On February 16, 1982, the United Kingdom sentenced Marks to three-years' imprisonment. However, Marks received credit for his time in pretrial custody in 1973 and the time from his arrest in 1980 to his sentencing in 1982. This amounted to 651 days and Marks was released in May 1982.
 
 
 5
 In July 1988, Marks was charged with various racketeering offenses, in violation of federal law. He was arrested in Spain and was extradited to the United States. According to the United States, Marks was involved in a criminal enterprise from April 1970 through September 1987: importing multi-ton loads of marijuana and hashish into the United States, laundering the profits through various financial and business entities, and utilizing telephone communications and wire transfers to continue the enterprise. In July 1990, Marks pled guilty to racketeering and conspiracy to engage in racketeering and was sentenced to 25 years' imprisonment. Pursuant to his federal plea agreement, Marks received prior custody credits for his time in Spain awaiting extradition.
 
 
 6
 Marks filed a petition for a writ of habeas corpus, claiming that he should receive federal credit for the 651 days he spent in pre-trial custody in the United Kingdom. The district court denied the petition. It is the appeal of this decision that is before us today.
 
 II. Analysis
 
 7
 In Marks's case, 18 U.S.C. Sec. 3568 governs the granting of federal jail time credit.[2] That statute reads in part:
 
 
 8
 The Attorney General shall give any such person credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense ... which is in violation of an Act of Congress and is triable in any court established by Act of Congress.
 
 
 9
 Marks argues that his 651 days in United Kingdom pre-trial custody was in connection to the offense or acts of his federal conviction, racketeering from 1970 to 1987, and thus should be credited toward his federal sentence.
 
 
 10
 Because Marks's custody was due to a violation of United Kingdom law, it cannot be considered connected to his federal "offense." Jackson v. Brennan, 924 F.2d 725, 727 (7th Cir.1991) ("To construe a violation of foreign law as a creditable 'offense' under Sec. 3568 would do violence to the plain meaning of the terms of the statute.").
 
 
 11
 The question then is whether the fact that Sec. 3568 also provides for credit for custody in connection with the acts for which a federal sentence was imposed entitles a person convicted of violating a foreign sovereign's laws to receive credit against a federal sentence arising out of the same conduct.
 
 
 12
 Kendrick v. Carlson, 995 F.2d 1440, 1445 (8th Cir.1993). Jackson analyzed the legislative history of Sec. 3568 and concluded: "credit must be given only when the pre-sentence custody is federal custody or non-federal custody that was caused or sustained by the federal government." Jackson, 924 F.2d at 728.
 
 
 13
 Marks argues that because the 1973 United Kingdom charge was for exporting drugs to the United States and referenced United States law, the federal government "caused" Marks's custody. We disagree. In Kendrick v. Carlson, federal Drug Enforcement Agency (DEA) agents received a tip that cocaine would be passing through the Netherlands Antilles en route to the United States. The DEA requested the Netherlands Antilles authorities to search the suspects, which they did. The authorities found cocaine and the men were convicted and sentenced under the drug-trafficking laws of the Netherlands Antilles. When the men were released, they were sent to the United States and were charged and convicted of operating a continuing criminal enterprise. One of the men, Kendrick, sought credit for the time he had spent in custody in the Netherlands Antilles under a theory similar to Marks's argument. The Eighth Circuit rejected the claim, stating: "[The petitioner] owed a debt to two separate sovereigns, each of which had a right to exact its debt independently of the other." Kendrick, 995 F.2d at 1146 (quoting Goode v. McCune, 543 F.2d 751, 753 (10th Cir.1976)).[3]
 
 
 14
 Following Kendrick and Jackson, Marks cannot receive credit for his custody in the United Kingdom because the custody was not caused by the federal government.[4] Although Marks's charged crime involved importing cannabis to the United States, Marks was arrested, convicted, and sentenced for violations of the laws of the United Kingdom. Section 3568 does not compel credit for the time Marks spent incarcerated in the United Kingdom.
 
 III. Conclusion
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The "Particulars of the Offence" read as follows:
 Dennis Howard Marks [and others] on divers days between the 1st day of July 1973 and the 14th day of September 1973, conspired together and with ... other persons to contravene section 20 of the Misuse of Drugs Act, 1971 by agreeing to assist in or induce the commission in the United States of America of offences punishable under the provisions of the Comprehensive Drug Abuse Prevention and Control Act 1970, in force in the United States of America, corresponding to the prohibition on importation of controlled drugs into the United Kingdom imposed by section 3(1) of the Misuse of Drugs Act, 1971 and section 304 of the Customs and Excise Act, 1952.
 
 
 [2]
 18 U.S.C. Sec. 3568 has been repealed and does not apply to offenses committed after November 1, 1987. See Pub.L. 98-473, Title II, Secs. 212(a)(2) & 235(a)(1), 98 Stat.1987, 2031 (1984). Whether a prisoner who committed an offense after November 1, 1987, receives credit for prior custody is governed by 18 U.S.C. Sec. 3585(b), which provides:
 A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 (1) as a result of the offense for which the sentence was imposed; or
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which sentence was imposed; that has not been credited against another sentence.
 Although not applicable in this case, the revised statute would preclude Marks's argument because it eliminates the ambiguous "offense or acts" language of Sec. 3568 and provides that no credit can be given for time already credited to another sentence.
 
 
 [3]
 Marks emphasizes that he seeks credit for only his pre-trial custody in the United Kingdom. However, that time was fully credited towards his United Kingdom sentence of three years. The characterization of Marks's custody does not affect our analysis under Sec. 3568. See Kendrick, 995 F.2d at 1447 ("The fact that Kendrick received credit against his foreign sentence for the entire period he was in custody in Curacao would preclude him from also receiving credit against his federal sentence for any portion of that period of time."); Shields v. Daggett, 460 F.2d 1060, 1061 (8th Cir.1972) (state prisoner on federal detainer does not receive federal credit for state pre-trial custody where that time was already credited to a state sentence)
 
 
 [4]
 Marks argues that various regulations promulgated by the Bureau of Prisons support his position because they provide credit for foreign pre-sentence custody where the "time, location, and criminal acts are identical" for both foreign and federal charges. See Bureau of Prisons Program Statement 5880.30 (1993). Although the criminal acts under the United Kingdom and federal charges do not appear "identical," we need not address the issue because the caselaw holds clearly that under Sec. 3568 Marks is not entitled to credit for his time in detention in the United Kingdom