**CLD-048**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3004
_____

TIMMY MILLS,
Appellant

v.

FRANCISCO QUINTANA

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00339)
Magistrate Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2010

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 10, 2010 )
_____

OPINION OF THE COURT
_____

PER CURIAM

    Petitioner Timmy Mills, a federal prisoner, appeals from the United States District

Court's July 28, 2010 denial of his petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241.  In his petition, he challenges the computation of his sentence by the

Bureau of Prisons ("BOP") and contends that the BOP failed to credit him with appropriate prior custody credit for time spent in official detention prior to the commencement of his sentence. For the following reasons, we will affirm.

I.

On November 9, 2006, Mills pleaded guilty to state criminal charges of driving with a suspended license and providing false information to law enforcement. He was sentenced by the state sentencing court in West Virginia to one year imprisonment. On November 27, 2006, during the time Mills was serving his state sentence, the United States Marshal Service ("USMS") lodged a detainer against Mills with the local jail authorities. On December 7, 2006, the USMS executed a federal arrest warrant on Mills at the federal courthouse in Martinsburg, West Virginia. Mills was charged with federal drug crimes to which he pleaded guilty in February 2007. Mills completed service of his state sentence on August 25, 2007. He was released from state custody directly to a federal detainer.

On November 19, 2007, Mills was sentenced by the United States District Court for the Northern District of West Virginia to a seventy-month term of imprisonment, followed by a three-year term of supervised release. Although Mills had already completed his state sentence, the District Court directed that his federal sentence should run concurrent with his state sentence.[1] The District Court also recommended to the BOP

---

[1]   It appears that the District Court was not informed that Mills had already completed his state sentence.

2

that Mills be credited for time served since December 7, 2006, the date of his federal arrest.

Mills was designated to FCI McKean on January 4, 2008. The BOP computed his federal sentence as commencing upon imposition, on November 19, 2007. On commencement of the sentence, the BOP provided Mills with a projected release date of September 18, 2012. This computation included 91 days prior custody credit for the time that he spent in official detention prior to the commencement of his federal sentence, from May 21, 2006, through May 26, 2006 (7 days), and from August 26, 2007, through November 18, 2007 (84 days).

Mills disputes the BOP's computation of his sentence. He argues that he was denied appropriate credit for time spent in state custody under a federal detainer. Mills contends that his jail time credit should accrue from December 7, 2006, when his federal arrest warrant was issued, instead of on August 26, 2007, the date that he completed his state prison term.

Mills sought relief through the BOP's administrative remedy process, and the BOP denied his request. He also sought a reduction in sentence from the federal sentencing court, which was denied. See United States v. Timmy Mills, Docket No. 3:06-cr-70 (N.D. W. Va.) (order entered May 30, 2008). Mills then filed a petition for writ of habeas

corpus challenging the BOP's execution of his federal sentence.[2]  See 28 U.S.C. § 2241.

The District Court denied the petition.  The instant appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  This Court reviews

a District Court's denial of habeas corpus relief de novo. Vega v. United States, 493 F.3d

310, 314 (3d Cir. 2007).  We uphold any factual determinations in a habeas proceeding

unless they are clearly erroneous.  Id.

## III.

The District Court based its denial of Mills' claims on 18 U.S.C. §§ 3585(a) and

(b).  We find no error in the District Court's analysis or conclusions.  Under 18 U.S.C. §

3585(a), a federal sentence commences "on the date the defendant is received in custody

awaiting transportation to, or arrives voluntarily to commence service of sentence at, the

official detention facility at which the sentence is to be served."  In this case, the BOP

calculated Mills' sentence as commencing on November 19, 2007, which was the date it

was imposed by the sentencing court and the earliest possible date that his sentence could

---

[2]     Mills properly brought his challenge to the BOP's execution of his federal sentence
in the district of confinement.  See 28 U.S.C. § 2241.  Since filing his habeas petition,
Mills has been transferred to FCI Fort Dix, New Jersey.

4

commence.[3]  18 U.S.C. § 3585(a); PS 5880.28, Ch. 1, p. 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

A federal prisoner may, however, receive credit for certain time spent in official detention before his sentence begins (i.e., "prior custody credit"), *so long as* that time has not been credited against any other sentence.  See 18 U.S.C. § 3585(b).[4]  In other words, prior custody credit cannot be double counted.  Wilson, 503 U.S. at 337 ("[A] defendant [can] not receive a double credit for his detention time."); see also Vega, 493 F.3d at 314. The BOP thus awarded Mills a total of 91 days prior custody credit under 18 U.S.C. § 3585(b) for the time he served in official detention that was not credited toward his state sentence (i.e., the seven days between May 21, 2006, and May 26, 2006, and the 84 days between August 26, 2007 (the date his state sentence was satisfied), and November 18, 2007 (the day before commencement of his federal sentence).[5]

---

[3]

The BOP is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, and it has developed detailed procedures for determining the credit available to prisoners.  See United States v. Wilson, 503 U.S. 329, 335 (1992); see also BOP Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28").

[4]

Section 3585(b) provides a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against any other sentence.

[5]

The conduct connected with Mills' federal offense occurred on January 12, 2006. Between January 12, 2006, and November 18, 2007 (the day before his federal sentence commenced), Mills was incarcerated from May 21, 2006, through May 26, 2006 (7 days),

We agree with the District Court that Mills is not eligible for an exception to 18 U.S.C. § 3585(b)'s prohibition of double prior custody credit under Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and Willis v. United States, 438 F.2d 923 (5th Cir. 1971) because both of these limited exceptions require as a prerequisite that the non-federal and federal sentences at issue be concurrent. Mills does not qualify for an exception under either Kayfez or Willis because his non-federal sentence expired before his federal sentence commenced. The order of the District Court that the sentences run concurrent does not alter the relationship of the state and federal sentences as non-concurrent sentences.

Nor is Mills entitled to credit for the time spent subject to a federal detainer pursuant to 18 U.S.C. § 3568 or Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970). Section 3568, the statutory provision Davis was interpreting, has been superseded by the Sentencing Reform Act of 1984 ("SRA"), and recodified at § 3585(b). See Wilson, 503 U.S. at 332. Because Mills' federal offense conduct was committed on January 12, 2006, after the effective date of the SRA, his sentence computation is governed by § 3585.[6]

and from October 28, 2006, through November 18, 2007 (387 days). However, from October 28, 2006, through August 25, 2007, Mills was serving his state sentence. Thus, under 18 U.S.C. § 3585(b), the BOP could not credit Mills this period of time because it was already credited against his non-federal term. 18 U.S.C. § 3585(b). Nor could his federal sentence be directed to run concurrently to his state sentence during that period of time, because his federal sentence could not commence earlier than the date it was imposed, November 19, 2007. 18 U.S.C. § 3585(a).

[6]

The SRA went into effect on November 1, 1987, and applies to offenses committed after November 1, 1987. Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir. 1989).

Under § 3585(b), time served on a federal detainer does not qualify as federal prior custody credit if that time has been credited against another sentence. See Vega, 493 F.3d at 314; Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000).

In his appellate brief, Mills argues that the District Court erred in its application of §§ 3585(a) and (b), and failed to apply other applicable statutes.[7] He argues that if the BOP had used its authority under 18 U.S.C. §§ 3621(a) and (b) to designate him to the state prison where he was housed on December 7, 2006, his federal prison term would have commenced December 7, 2006, when he was committed to the custody of the BOP.[8]

Mills cites Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), as a nearly identical case. Barden concerned a petitioner who, while awaiting trial on state charges, was sentenced to a federal prison term of twenty years on a bank robbery conviction. One month later, the state court sentenced Barden to a state prison term to run concurrently with the federal sentence. Barden served ten years in state prison and was then paroled to federal custody where he began serving his twenty-year federal sentence. However, because the BOP had not designated the state prison as a place of federal confinement, he did not receive credit

---

[7] Mills' appellate brief was previously received by the Court but not filed by the Clerk. Because we consider it, we instruct the Clerk to file it.

[8] Section 3621(a) states that a person who has been sentenced to a term of imprisonment shall be committed to the custody of the BOP until the expiration of the term imposed. Section 3621(b) states that the BOP shall designate the place of imprisonment and sets forth considerations that BOP must take into account in making that designation.

7

on his federal sentence for the ten years he served there. Finding that the BOP had wide discretion to designate the place of confinement, we remanded Barden's request for nunc pro tunc designation to the District Court for reconsideration. Barden, 921 F.2d at 483-84. Barden is distinguishable from this case because at the time that Mills was sentenced by the District Court, he was not serving a concurrent state sentence. Mills completed his state sentence on August 25, 2007. He was held in official detention until November 19, 2007, when he was sentenced by the District Court to seventy-months imprisonment. The BOP properly credited Mills for time spent in official custody between August 26, 2007, and November 18, 2007. However, as explained above, a federal sentence cannot commence before it is imposed. 18 U.S.C. § 3585(a). Thus, even if the BOP had designated Mills' place of confinement as a federal facility, no part of his federal sentence could have commenced prior to November 19, 2007. Even though Mills was subject to a federal detainer as of December 6, 2006, he was still serving a state sentence until August 25, 2007. Under § 3585(b), time spent in federal custody cannot be credited toward a sentence if that time is already being credited toward another sentence.

We conclude that the BOP did not err in calculating his sentence, and the District Court properly denied Mills' petition under 28 U.S.C. § 2241. We have considered Mills' arguments on appeal and find that they are without merit. Accordingly, we will grant the motion by Appellee for summary action, and we will summarily affirm the District Court's order.