**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3131
_____

MAXIMINO PAULINO BUENO,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00275)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 12, 2013

Before: FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: September 19, 2013)
_____

OPINION
_____

PER CURIAM

 Pro se appellant Maximino Bueno appeals the United States District Court for the

Western District of Pennsylvania's order dismissing in part and denying in part his

1

habeas petition filed under 28 U.S.C. § 2241. The government has filed a motion for summary affirmance. For the reasons that we detail below, we will grant the government's motion and summarily affirm the District Court's order.[1]

Bueno, a citizen of the Dominican Republic, was arrested on October 3, 2008, by New Jersey police for a narcotics offense. On October 15, 2008, the Department of Homeland Security lodged a detainer against him in anticipation of charging him with illegal reentry into the United States. Bueno pleaded guilty to the state charge on June 4, 2010, and to the (by-then pending) federal charge on October 1, 2010. From the date of his arrest until October 28, 2010, Bueno remained in state custody; on October 28, he was transferred to federal custody. On January 26, 2011, the District Court sentenced Bueno to 65 months' imprisonment, and on February 17, 2011, the New Jersey state court sentenced Bueno to 96 months' imprisonment. The state court ordered that Bueno's sentence would run concurrently with his federal sentence and that Bueno would receive credit for his detention from the date of his arrest until his transfer to federal custody. Bueno has asked the Bureau of Prisons (BOP) to give him credit against his federal sentence for that same period of state pre-sentence detention, but the BOP has denied his request.

Bueno then filed the instant action in the District Court under 28 U.S.C.

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

§ 2241alleging that the BOP improperly refused to credit his time in state detention against his federal sentence. The District Court denied all relief to Bueno, and he filed a timely notice of appeal.

We agree with the District Court's disposition of this case. While § 2241 is the proper vehicle for Bueno's claim that the BOP improperly refused to give him credit for his time in state custody, see Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001), we agree with the District Court that the claim lacks merit. The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP. See United States v. Wilson, 503 U.S. 329, 333-35 (1992). The BOP's authority, however, is limited by 18 U.S.C. § 3585(b), which expressly prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence. See Wilson, 503 U.S. at 337. Here, the time Bueno served in state custody has indisputably been credited toward his state sentence, and Bueno is therefore not entitled to credit that time toward his federal sentence.

Despite the clear language of § 3585(b), Bueno claims that he should be granted additional credit toward his federal sentence because the federal detainer prevented him from obtaining bail on the state charges. In support of that contention, Bueno relies on Brown v. United States, 489 F.2d 1036 (8th Cir. 1974), which applied 18 U.S.C. § 3568, the predecessor to § 3585. However, § 3568, which did not explicitly preclude double credit, has been superseded by the Sentencing Reform Act of 1984 and recodified at § 3585(b); as noted above, § 3585(b) unequivocally prohibits double credit. See Wilson,

3

503 U.S. at 331-33. Therefore, Bueno's invocation of <u>Brown</u> does not help his cause.

We also agree with the District Court that Bueno cannot invoke the limited exceptions to § 3585(b)'s prohibition against double credit recognized by <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993), and <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971) (per curiam). The exceptions detailed in those cases, although not identical, each require that the defendant's state sentence be projected to end before the defendant's federal sentence. <u>See generally</u> BOP Program Statement § 5880.28. Here, as accurately calculated by the District Court, Bueno's federal sentence is scheduled to end before his state sentence, rendering the <u>Kayfez</u> and <u>Willis</u> line of cases inapplicable. Therefore, the District Court was correct to deny Bueno's petition.

Certain language in Bueno's petition also suggests that he may wish to raise a separate claim alleging that his conviction and sentence are invalid due to the government's delay in filing an indictment against him. To the extent that he does seek to raise such a claim — which is by no means clear — it is not the proper subject of this post-trial § 2241 petition. <u>See</u> <u>Woodall v. Fed. Bureau of Prisons,</u> 432 F.3d 235, 241-43 (3d Cir. 2005); <u>see also</u> <u>United States v. Furman</u>, 112 F.3d 435, 438 (10th Cir. 1997). Therefore, it was appropriate for the District Court to dismiss the petition insofar as it raised such a claim. <u>See</u> <u>In re Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971).

Accordingly, we grant the government's motion for summary affirmance and will affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.