Billy Bertram CARROLL, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 71–H–11.

United States District Court, S. D. Texas, Houston Division.

April 30, 1971.

Billy Bertram Carroll, pro se.

Anthony J. P. Farris, U. S. Atty., and James G. Gough, Asst. U. S. Atty., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER

NOEL, District Judge.

■ Petitioner, a convict in the federal penitentiary at Leavenworth, Kansas, has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. He asserts that his plea of guilty to the crime of extortion, which this Court accepted in 1968, was involuntary. For the reasons set out below, this contention is without merit, and the motion must be denied. As this conclusion is compelled on the basis of the files and records in this case, an evidentiary hearing has not been necessary. 28 U.S.C. § 2255; Churder v. United States, 294 F. Supp. 207 (E.D.Mo.1968), aff'd 417 F.2d 633 (8th Cir. 1969).

■ Plaintiff first contends that this Court did not comply with the procedure required by Rule 11, Fed.R.Crim.P., in accepting the guilty plea. The plea in this case was accepted prior to the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and is therefore to be measured by the standard of voluntariness rather than the mechanical requirements of Rule 11. Halliday v. United States, 394 U.S. 381, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (per curiam).

■ Petitioner next contends that he was "suffering from a grave mental problem" when he made his plea. This contention is refuted by the record. On February 29, 1968, prior to acceptance of the guilty plea, the United States Attorney moved this Court to order a mental examination of petitioner. 18 U.S.C. § 4244. Upon agreement by petitioner's counsel, the Court ordered petitioner to undergo psychiatric evaluation for a period not to exceed sixty days at the federal facility in Springfield, Missouri. On May 3, 1968, after the period of observation was completed, a competency hearing was held. The psychiatric report was placed in evidence and considered by the Court, upon stipulation by both counsel that the report might be received in lieu of live testimony by the

examining psychiatrist. This report reflected the medical opinion that petitioner had sufficient mental capacity to understand the charges against him and to assist in his defense. On the basis of this report, the Court concluded that petitioner was not insane nor otherwise so mentally incompetent as to be unable to understand the proceedings or properly to assist at his trial. For this reason, the guilty plea was accepted, and, for the same reason, petitioner's belated contention of incapacity must be rejected.

■ Petitioner last contends that he was induced to enter his plea upon the false representation of his attorney that he would only be sentenced to serve twelve years in the penitentiary, whereas the sentence which he received was greater. This contention is controverted by petitioner's own statements in Court. At his initial appearance, on February 1, 1968, petitioner waived counsel and pleaded guilty to all four counts of the indictment. Immediately thereafter, at the urging of the Court, the guilty plea was withdrawn and counsel was appointed for petitioner, who was found to be indigent. On February 2, petitioner reappeared with appointed counsel. At this proceeding, after it had been ascertained that defendant had examined and been advised regarding the contents of the indictment, petitioner pleaded guilty to two of the four counts and the following colloquy occurred:[1]

The Court: Mr. Carroll, yesterday you recall I explained to you the maximum penalty which can be assessed by the court as a result of your plea of guilty with respect to each of the counts in the indictment. That was twenty years confinement and/or a five thousand dollar fine on counts two through four.

Assistant United States Attorney: Your honor, on count one it is five years confinement and/or ten thousand dollars.

The Court: Now, yesterday you signed a waiver of court-appointed counsel. However, I think upon my rather strong suggestion you did go ahead and ask for counsel, and that counsel has been provided, and Mr. Schultz has been consulting with you during the course of the morning, and he is here this morning.

The Defendant: Yes, sir.

The Court: The appointment of counsel superseded the waiver. Now, has any promise of favor or offer or other inducement whatever been made to you concerning your plea here today of guilty to counts one and four of the indictment?

The Defendant: No, sir.

The Court: You are pleading guilty solely because you are guilty in counts one and four of the indictment?

The Defendant: Yes, sir.

The Court: Do you make this plea voluntarily as to counts one and four?

The Defendant: Yes, sir.

.    .    .    .    .    .

The Court: You have consulted with your counsel concerning your plea?

The Defendant: Yes, sir.

The Court: And you understand the nature of the charge?

The Defendant: Yes, sir.

As petitioner's belated contention of impermissible inducement is clearly belied by the record, it must be rejected. 28 U.S.C. § 2255.

Accordingly, this motion to vacate sentence is denied.

1. Transcript of oral proceedings in Criminal No. 68–H–26, filed July 28, 1970. Proceedings of February 2, 1968, pp. 4–5.