

C. B. Spence, pro se.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appeal from denial by the District Court of a petition for credit on appellant's federal sentence for time spent in state custody prior to commencement of his federal sentence.[1]

Appellant alleged that he was arrested and charged with forgery by the State of Texas on May 4, 1968, that federal authorities filed a detainer against him in June, 1968, charging him with interstate transportation of forged securities, 18 U.S.C. § 2314, and that he remained in state custody, unable to post bond, until January 14, 1969, at which time he received a five-year sentence on the federal charge. Thereafter, he was sentenced on the state charge to three years, to run concurrently with the federal sentence, and credit was accorded him for presentence "jail time." He contends that he should be given credit upon his federal sentence for time spent in state custody prior to sentencing because he was unable to post bond on the state charge as a result of the federal detainer.

Even if appellant was given credit on his state sentence for presentence custo-dy, if that sentence runs concurrently with a longer federal sentence and he was unable to post bond on the state charge solely because of the existence of the federal detainer, he is entitled to credit on the federal sentence. Willis v. United States, 5th Cir.1971, 438 F.2d 923; Cf. Radcliffe v. Clark, 5th Cir. 1971, 451 F.2d 250.

There were no findings on the question of whether appellant's confinement between June, 1968 and January, 1969 was attributable to the federal detainer.[2] We remand for further proceedings, and an evidentiary hearing if necessary, on appellant's contention that he is entitled to credit for that period. Ballard v. Blackwell, 5th Cir. 1971, 449 F.2d 868.

Reversed and remanded.

Billy Bertram CARROLL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71-2441

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1972.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. Howard v. United States, 5th Cir. 1970, 420 F.2d 478, on which the district court based its ruling, is inapposite to the facts of this case.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Billy B. Carroll, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

The denial of Billy Bertram Carroll's motion to vacate sentence, 28 U.S.C., § 2255, reported 335 F.Supp. 322 is

Affirmed.

**UNITED STATES of America, Appellee,**

v.

**Vernon Percy HOWARD, Appellant.**

**No. 71–2013.**

United States Court of Appeals, Ninth Circuit.

Dec. 22, 1971.

Michael L. Rubinstein, Anchorage, Alaska, for appellant.

G. Kent Edwards, U. S. Atty., A. Lee Petersen, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before BROWNING, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was indicted, tried by a jury and found guilty of traveling in interstate commerce for the purpose of promoting prostitution in violation of 18 U.S.C. § 1952.

Appellant's sole contention is that the trial judge committed reversible error in calling a witness, at the suggestion of the government, and then refreshing the recollection of, or, impeaching the witness with her prior statements. Beyond question, the statements were helpful to the government's case. On the record before us, the question of whether the judge abused his discretion is a close one. However, we need not answer the question. The evidence of the guilt of the appellant is otherwise so overwhelming that the error, if any, is harmless and did not affect his substantial rights. See, Rule 52 F.R.Crim.P.

Judgment affirmed.