**UNITED STATES of America**

v.

**Rene M. TORRES.**

**Crim. A. No. SA74CR42.**

United States District Court,
W. D. Texas,
San Antonio Division.

June 27, 1974.

William S. Sessions, U. S. Atty., John M. Pinckney, III, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

Ruben Montemayor, San Antonio, Tex., for defendant.

## ORDER

SPEARS, Chief Judge.

On this the 25th day of June, 1974, came on to be considered defendant's Motion to Reduce Sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 states in applicable part that, "[t]he court may reduce a sentence within 120 days after the sentence is imposed . . ." Such a reduction is, however, totally within the discretion of the trial court, and a sentence will not be questioned on appeal unless it exceeds the statutory maximum or there is a showing of "arbitrary or capricous action amounting to a gross abuse of discretion." Taylor v. United States, 456 F.2d 1101, 1103 (5th Cir.), cert. denied, 409 U.S. 856, 93 S.Ct. 137, 34 L.Ed.2d 101 (1972).

Defendant does not contend that the sentence exceeded the statutory maximum nor is there any claim that the

Court was arbitrary or capricious in determining punishment. The defendant's Motion for discretionary relief, pursuant to Rule 35 F.R.Crim.P., is therefore, in all things denied.

 Defendant does claim, however, that he was induced to enter his plea of guilty by his attorney's false representation that if he did so he would receive a ten year sentence, whereas the sentence imposed was actually 20 years to serve plus 20 years special parole. The petition therefore, must also be treated as one to vacate sentence pursuant to 28 U.S.C. § 2255. The Court finds that no hearing is necessary as it affirmatively appears from the files and records that the claim for relief is without merit, Smith v. United States, 431 F.2d 565 (5th Cir. 1970). A hearing is unnecessary when the record itself belies the petitioner's contention that he was induced to enter a guilty plea on a false representation of his attorney as to the sentence he would receive. Carroll v. United States, 335 F.Supp. 322 (S.D.Tex. 1971), aff'd, 452 F.2d 1199 (5th Cir.) cert. denied, 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972).

 The defendant was charged by way of information with distributing approximately 98 grams of heroin in violation of 21 U.S.C. § 841(a)(1). At the time of arraignment, but prior to the entry of his plea of guilty, the defendant was advised of the maximum punishment that could be imposed;[1] the meaning of special parole;[2] the difference between an information and an indictment; the right to have his case

---

1. Transcript of oral arraignment proceedings in Criminal No. SA74CR42, of March 20, 1974, pp. 4–5.

Mr. Pinckney, Assistant U. S. Attorney: Mr. Torres, I had filed yesterday with the Clerk of the Court an information pursuant to Title 21, United States Code, Section 851, and showed a copy this morning to your attorney, Mr. Montemayor. He probably has not yet received that information in the mail. Basically, it is information to put you on notice that the maximum punishment that could be assessed by this Court upon a plea of guilty or a finding of guilty to the one count of the information in which you were named would be a term of imprisonment not to exceed 30 years or a fine not to exceed $50,000.00 or both. The government, in providing this information, is complying with Title 21, United States Code, Section 851. It is necessary for us to advise you that we are relying on a prior federal narcotic law violation which occurred in this same Western District of Texas where you were charged then under Title 21, United States Code, Section 174. You entered a plea of guilty to that offense on the 17th day of February, 1967 and were sentenced to serve six years on the 8th day of March, 1967, being released pursuant to mandatory release on the 23rd day of October, 1970. This Information which I have filed gives you the opportunity to either admit to that prior conviction or to make allegations against that information, to wit: it did not occur or it was faulty or whatever. Do you understand that, sir?

Mr. Torres: Yes, sir.

2. Id. pp. 5–6.

Mr. Pinckney: It is also necessary that I advise . . . you as to the meaning of special parole. Special parole is a parole given in addition to your term of confinement and any parole you might receive after serving a part of that confinement. For the type of offense with which you are charged, Mr. Torres, in the enhancement, in other words, the greater punishment provision, it is mandatory that you be given at least 6 years special parole, if, in fact, your sentence includes imprisonment for any amount of time. You may be given a special parole for as long as your life. The special parole will begin to run at the termination of your sentence and any other parole.

If the special parole is revoked for a violation of any of its terms, your original sentence is increased by the term of your special parole, thus creating a new term. You may be required to serve all or any part of this new term, with credit given for the time you have actually spent in confinement, but with no credit given for the amount of time you have spent on special parole.

In other words, if you have served a part of your original sentence and you then violate your special parole, you may be required to serve the remainder of your sentence plus the term of your special parole. If you have served all of your term of confinement and then violate the special parole, you may be required to serve an additional term of confinement equal to the term of special parole to which you are sentenced.

You understand all these instructions I have given you as to maximum punishments, Mr. Torres?

Mr. Torres: Yes, sir.

presented to a grand jury;[3] and the consequences of a plea of guilty or not guilty,[4] which included an admonition that a plea of guilty could only be accepted if it was made voluntarily, unequivocally, and was free of any promise of leniency or mercy, all of which the defendant said that he understood. The defendant was then asked for his plea to which he replied "guilty", after which the following colloquy occurred between the Court and the defendant.

The Court: Did you enter your plea of ·guilty to the count in the indictment which is applicable to you because you are guilty and for no other reason?

Mr. Torres: Yes sir, because I am guilty.

The Court: Did anyone—when I say "anyone", I mean anyone—whether connected with the United States government or not—promise you any reward of any kind or character in return for your plea of guilty?

Mr. Torres: No, sir.

The Court: Did anyone here—I mean anyone—intimidate you or threaten you

---

3. Id. pp. 6–8.

Mr. Pinckney: In this case it is necessary for me to advise you with regards the means by which you could be moved against by the United States government. Here you are being charged by the United States Attorney by means of an information. It is necessary for me to advise you that you could have been proceeded against by an indictment. Under the laws of this country you have a right to be proceeded against by indictment and to a trial by jury of 12 impartial persons selected according to law. You may waive or voluntarily give up either of these rights, but no one can force you to do so. Once you have waived or given up either right, however you no longer have that right.

An indictment contains charges brought against a defendant by a grand jury. A grand jury in federal court is composed of a group of impartial citizens selected according to law to inquire into the offense allegedly committed against the laws of the United States. It is composed of 23 persons and there must always be at least 16 jurors present to vote. The affirmative, that is, the "yes" vote of 12 such jurors is required to return an indictment. The function of the grand jury is not to declare the guilt or innocence of a party against whom a charge is preferred, but to find out whether or not the evidence presented to the grand jury, if standing alone, and without dispute, will be sufficient in the minds of the grand jurors to warrant a verdict of conviction on a trial of the charge before a petit jury, that is, a trial jury.

The information contains the charge preferred against a defendant by the United States Attorney acting on behalf of the United States Government. As you can see, therefore, an information is signed only by the United States Attorney, whereas an indictment must be concurred in by one less than 12 of at least 16 grand jurors.

I will ask you now whether or not you are willing to waive an indictment and to be tried by information filed by the United States Attorney. If you are not willing to waive the indictment and be proceeded against by information, then the Court will see to it that you are afforded the right you have under the law to be proceeded against by indictment and your case will be referred to the grand jury for its investigation and determination.

In view of the foregoing, therefore, are you willing to waive an indictment and be tried upon an information filed by the United States Attorney, Mr. Torres?

Mr. Torres: Yes, sir.

4. Id. pp. 9–10.

Mr. Pinckney: Before I ask you for your plea, I'd like to advise you as to the consequences of a plea of guilty or not guilty. Should you plead not guilty, you have a right to a trial by a jury and to be represented by an attorney. At your trial the government would have to establish its case against you by witnesses and evidence beyond a reasonable doubt. You have the right to have the government confront you with its witnesses and evidence and you would have an opportunity to cross-examine those witnesses. In addition, a defendant is entitled to call his own witnesses to testify in his own behalf. . . . (u]nder the Constitution of the United States, you have a very important right to remain silent. You cannot be compelled to make any statement. However, you can waive that right and testify at the trial in your own behalf. If you plead guilty, you waive all of these rights which have been explained to you with the exception of right to counsel. In effect, you convict yourself by admitting all of the elements of the offense with which you stand charged. If you desire to plead guilty, it can only be accepted by the Court if it is voluntary and unequivocal. It must, therefore, be free of any promises of leniency or mercy or any threat to cause you to enter such a plea. Do you understand that, Mr. Torres?

Mr. Torres: Yes, sir.

or try to get you to plead guilty against your will?

Mr. Torres: No, sir.

The Court: Did you enter your plea, then, of your own free will and accord, of your own volition and without any attempt on anyone's part to coerce you or force you to plead guilty? Mr. Torres? In other words, did you do this voluntarily of your own free will and accord?

Mr. Torres: Yes, sir.

The Court then had the defendant sworn and the Assistant United States Attorney recited a factual basis for the plea, after which the Court asked the defendant if those facts were correct, to which the defendant replied "yes sir". The Court then accepted the defendant's plea of guilty, and found the defendant guilty as charged.

As defendant's contention of impermissible inducement is clearly belied by the files and records of this case, the Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is hereby, in all things, denied.