John L. GOODE, Petitioner-Appellant,

v.

G. McCUNE, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent-Appellee.

No. 76–1074.

United States Court of Appeals, Tenth Circuit.

Submitted Oct. 4, 1976.

Decided Nov. 2, 1976.

752

John L. Goode filed pro se memoranda opposing summary action.

E. Edward Johnson, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondent-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant Goode pleaded guilty in the United States District Court for the Southern District of Texas to violation of 18 U.S.C. § 2113(a), bank robbery. Sentence to eleven years imprisonment, imposed April 30, 1971, is being served in the United States Penitentiary, Leavenworth, Kansas. The instant habeas corpus proceedings were initiated when Goode filed his petition in the United States District Court for the District of Kansas seeking credit on his federal sentence for time spent in custody of Texas state authorities. The district court denied relief and we affirm.

We construe the record to establish the following facts: The South Park National Bank, located in Houston, Texas, was robbed on June 16, 1970. Goode was taken into custody on that same date by Texas state authorities. Both federal and state charges were brought against him for the robbery. As stated, Goode's federal sentence was imposed April 30, 1971. He was subsequently convicted by the state and sentenced to eleven years imprisonment on June 29, 1971. Goode remained in custody of Texas state authorities until his release to federal authorities on December 20, 1973.

In these proceedings Goode is seeking credit on his federal sentence for the period of time from June 16, 1970 to December 20, 1973, the entire period of time he was in state custody. He also contends in this appeal that, even if he is not entitled to credit for that period of state custody, he is entitled to credit from June 16, 1970 to June 29, 1971 because he was not given credit toward his state sentence for this period of confinement.

Both Goode and appellee have sought to supplement the record with information regarding the period of confinement from June 16, 1970 to June 29, 1971. Goode contends in this appeal that he has received no credit on his state sentence for this period of time. In response, appellees have filed an affidavit, executed by a Texas state prison official, which states that Goode has been granted credit on his state sentence for the entire period of time he remained in state custody commencing June 16, 1970. Goode has not contested this statement. Both parties' supplements to the record have accordingly been filed and made a part of the record in the instant case. Based upon these supplements we regard this case as involving only one issue: whether Goode is entitled to credit on his federal sentence for the entire period of time he remained in state custody.

We first address Goode's suggestion that his federal and state convictions, based upon the same bank robbery, constitute violation of the Double Jeopardy clause. We

see no Double Jeopardy problem under the facts of this case. We note at the outset that the elements of proof under the federal and state charges differ in one respect: the federal bank robbery charge necessitates proof that the bank in question has some federal connection, i.e., it was insured by the Federal Deposit Insurance Corporation (F.D.I.C.). The more substantial reason that Goode's Double Jeopardy argument must fail is that this case involves two separate sovereigns: the federal government and the state of Texas. "An act denounced as a crime by both federal and state sovereignties is an offense against the peace and dignity of both, and may be punished by each." *United States v. Jackson,* 470 F.2d 684 at 689 (5th Cir. 1972), cert. denied 412 U.S. 951, 93 S.Ct. 3019, 37 L.Ed.2d 1004. *See also, United States v. Vaughan,* 491 F.2d 1096 (5th Cir. 1974); *Martin v. Rose,* 481 F.2d 658 (6th Cir. 1973), cert. denied 414 U.S. 876, 94 S.Ct. 86, 38 L.Ed.2d 121.

■ We turn now to the question of whether Goode is entitled to credit on his federal sentence for time spent in state custody. The simple answer is that Goode is not entitled to double credit for the period of time in question. He owed a debt to two separate sovereigns, each of which had a right to exact its debt independently of the other. *Bruss v. Harris,* 479 F.2d 392, 394 (10th Cir. 1973). *See also, Culotta v. Pickett,* 506 F.2d 1061, 1064 (7th Cir. 1974),

cert. denied 421 U.S. 968, 95 S.Ct. 1961, 44 L.Ed.2d 458. "The triggering device for credit against a prisoner's federal sentence is not merely the involvement of the federal government, but rather involvement of the federal government that has an effect on the time a prisoner spends in state custody." *Duval v. United States,* 385 F.Supp. 302 at 305 (E.D.Pa.1974). Goode's jail time while in the hands of Texas state authorities was attributable to state charges only and he is accordingly entitled to no credit for this period of time toward his federal sentence.

Upon docketing, the parties were notified that this case would be considered on the record of proceedings before the district court and without oral argument. In response, each has filed a supplement to the record and Goode has filed a memorandum in support of his position taken in this appeal. After considering the files and records in this case we are convinced that the district court correctly denied habeas corpus relief.

Affirmed. The mandate shall issue forthwith.