Lawrence A. BELL, Appellant,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF CORRECTIONS et
al., Appellees.

No. 12637.

District of Columbia Court of Appeals.

Argued May 4, 1978.

Decided June 21, 1979.

Michael I. Gilbert, Washington, D. C., appointed by the court, for appellant.

John H. Korns, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before GALLAGHER and MACK, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Lawrence Bell appeals the trial court's denial of his petition for a writ of habeas corpus. He seeks to credit approximately 35 months of incarceration in the Georgia state penitentiary against a District of Columbia sentence pursuant to 18 U.S.C. § 5010(b) (1976) of the Youth Corrections Act for receiving stolen property and possession of implements of crime.[1] The trial court refused to grant the requested credit. We affirm.

---

1. At the time of the hearing, petitioner sought credit against his Youth Act sentence and two adult sentences in the District of Columbia. Petitioner has now completed his parole for the two adult sentences. Since it is not raised by the instant record and not argued on this appeal, we need not decide whether 18 U.S.C. § 3568 (1976) requires the Attorney General to credit *presentence* jail time of a youth offender sentenced under the Youth Corrections Act against the limits prescribed by 18 U.S.C. § 5017(b) (1976). *See United States v. Lewis,* 145 U.S.App.D.C. 93, 96 n. 8, 447 F.2d 1262, 1265 n. 8 (1971). We note, however, that the Bureau of Prisons has acknowledged the granting of presentence custody credit to youthful offenders. Bureau of Prisons Policy Statement 7600.59, May 27, 1975.

The facts found by the trial court reveal that on December 18, 1970 petitioner was sentenced pursuant to the Youth Corrections Act, 18 U.S.C. § 5010(b) for receiving stolen property and possession of implements of crime. Thereafter, he also received concurrent adult sentences in two other cases in the District of Columbia. In May of 1973 petitioner, while serving the above sentences, failed to return to the District of Columbia from a job furlough release. He was subsequently arrested and convicted in Georgia for armed robbery and sentenced there to a term of nine years imprisonment. While serving the robbery sentence, petitioner entered a plea of guilty on a charge of theft by deception in Georgia and received a term of probation. In the process of arranging for this probation, he departed from the custody of the Georgia state authorities and was not returned until February 12, 1974. In April of that year petitioner entered a plea of guilty in Georgia to four counts of forgery and was sentenced in July to four terms of three years each to be served concurrently with the armed robbery sentence. In May of 1974 he was transferred from a Georgia correctional institution to the Georgia state penitentiary, a maximum security institution, for medical reasons. In October of 1974 the District of Columbia lodged a detainer against petitioner based on his failure to complete his District of Columbia sentences. In May of 1975 he was informed that his request for a transfer back to a minimum security institution was denied by a classification committee of the prison because of a "security (detainer)." In September of 1976, after his Georgia conviction for armed robbery had been overturned pursuant to a petition for habeas corpus in the federal court,[2] petitioner was released and returned to the District of Columbia for the remainder of his sentences. In June of 1977 he was paroled on his three District of Columbia sentences. He has presently completed

his parole for the two adult sentences and remains responsible to the D. C. Board of Parole on the Youth Act sentence until December 30, 1979.

Petitioner urges the following proposition as a basis for obtaining credit on his District of Columbia sentence for 35 months spent in state custody from the date the detainer was filed against him until his release from state custody. He contends that throughout this period he was "in custody in connection with the District of Columbia sentences" within the purview of Title 18 U.S.C. § 3568 (1976). That section provides in pertinent part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence[s] [are] imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

Although petitioner's incarceration in Georgia was a result of a sentence in that state, he claims the District of Columbia detainer was responsible for his continued detention at a maximum security facility because it operated as the basis for the state officials' refusal to transfer him to a minimum security facility.

Petitioner relies on *Davis v. Attorney General*, 425 F.2d 238 (5th Cir. 1970) and *Brown v. United States*, 489 F.2d 1036 (8th

---

2. The government represented that appellant would have been mandatorily released on the forgery sentences on or about May 20, 1976 had he not been serving the armed robbery sentence. At the hearing below, appellant did not raise the issue of whether he was entitled to a credit for time served from May 20, 1976 to September 27, 1977 under his void state sentence.

Cir. 1974)[3] in support of his position. Even if we were to adopt the decisions of these jurisdictions, petitioner's claim must fail. *Davis v. Attorney General, supra,* and *Brown v. United States, supra,* stand for the proposition that a prisoner denied release on bail pending state charges, solely because of an outstanding federal detainer lodged against him, is in custody in connection with a federal offense and is entitled to credit against his federal sentence for time spent in state custody under 18 U.S.C. § 3568. The Fifth Circuit explicitly noted in *Chaplin v. United States,* 451 F.2d 179 (5th Cir. 1971) that this rule applies only where the federal detainer is the sole reason why a prisoner is incarcerated in state custody and the prisoner is not serving a state sentence but awaiting the disposition of state charges.

In this case, petitioner did not prove by a preponderance of the evidence that the District of Columbia detainer was the sole cause of his detention in maximum security.[4] He only proved that the detainer was one reason assigned for the denial of his transfer.

Moreover, the filing of the detainer in this case did not deny petitioner bail and thereby prevent his release from state custody. The District of Columbia detainer

had no effect on the time petitioner spent in state custody and therefore the justification for treating the state jail as the practical equivalent of a federal one is lacking. *See Duval v. United States,* 385 F.Supp. 302, 305 (E.D.Pa.1974).[5]

■ The denial of credit under these facts is also consistent with the purposes of 18 U.S.C. § 3568. Section Four of the Bail Reform Act of 1966 amended § 3568 to assure credit for all presentence custody and not merely custody for want of bail. *Stapf v. United States,* 125 U.S.App.D.C. 100, 103, 367 F.2d 326, 329 (1966).[6] The legislative history of that section reveals that one of its purposes was to give credit for time spent in custody while awaiting trial where a defendant may have been originally arrested and held in custody on a state charge and then eventually turned over to the federal government for prosecution.[7] Here, petitioner does not seek credit for presentence custody but credit for time predicated upon a state conviction which would have continued regardless of whether he faced federal charges.

■ We hold that the District of Columbia detainer lodged against petitioner in the Georgia state penitentiary did not entitle

---

3. *Brown v. United States, supra,* relied upon the authority of *Davis v. Attorney General, supra.*

4. The trial court found that "it was far from clear that the existence of the detainer was the sole cause of petitioner's being kept at a maximum security facility." Appellant argues that the trial court erred in rejecting his testimony that the detainer was the cause of his being kept in more restrictive custody. Under D.C. Code 1973, § 17–305(a) we may not set aside a trial court's findings of fact unless it appears they are plainly wrong or without evidence to support them. The trial court had before her facts which showed that appellant had escaped from the Georgia prison authorities, although he was not prosecuted, and had been sentenced on several charges of forgery after his initial transfer to the Georgia state penitentiary for medical reasons.

5. In *Duval v. United States, supra* at 305, the court stated that the triggering device for credit against a prisoner's federal sentence is not merely the involvement of the federal government but rather involvement which has an ef-

fect on the time a prisoner spends in state custody. Recently, the District of Columbia Circuit Court held that failure to return to a sending state a prisoner whose custody was obtained by a writ of habeas corpus ad prosequendum did not transform a state prisoner into a federal prisoner entitling him to credit under § 3568. *Crawford v. Jackson,* 589 F.2d 693 (D.C.Cir.1978).

6. 18 U.S.C. § 3568 (1964) (amended 1966) provided in pertinent part:

> [That] the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of minimum mandatory sentence.

7. H.R.Rep.No.1541, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 2293, 2294–95.

him to credit on his Youth Act sentence for such time spent in state custody.

*Affirmed.*