Ulysses ORR, Petitioner,

v.

Robert GUNNELL, Warden Federal Correctional Institution, Danbury, Connecticut; Federal Bureau of Prisons; and United States Parole Commission, Respondents.

Civ. No. B 82–308(WWE).

United States District Court, D. Connecticut.

June 9, 1983.

John L. Pottenger, Jr., of the Jerome N. Frank Legal Services Organization, New Haven, Conn. (Cliff Rechtschaffen, Law Student Intern, on the brief), for petitioner.

John B. Hughes, Asst. U.S. Atty., New Haven, Conn., for respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

EGINTON, District Judge.

Ulysses Orr has petitioned this court for a writ of habeas corpus seeking credit toward his sentence for a 135 day period during which he was incarcerated in the District of Columbia jail prior to sentencing. For the reasons stated below, the writ must be granted.

*I) Statement of Facts*

Orr was arrested on November 20, 1974, for unlawful possession of a dangerous drug. On May 14, 1975, he received a seven year indeterminate sentence for this offense pursuant to Title II of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. § 4253(a) ("NARA sentence"). Orr was given a presumptive parole date of August 10, 1979.

On August 1, 1979, ten days shy of his parole date, Orr walked away from a Community Treatment Center in Washington, D.C. He remained at large for 55 days, until he was arrested on September 25, 1979, by District of Columbia police on charges of unlawfully carrying a pistol, in violation of 22 D.C.Code Section 3204, and with unlawful possession of a dangerous drug, in violation of 33 D.C.Code Section 702(a)(4). On September 26, 1979, Orr appeared before Judge Weisberg of the Superior Court of the District of Columbia, who set a surety bond of $7,500. Orr, then and now an indigent, was unable to post bond and remained in custody in the D.C. jail until February 7, 1980, 135 days later, when Judge Weisberg sentenced him to 2–6 years (the "D.C. sentence"). The Judgment and Commitment Order specified that this new D.C. sentence was to be served concurrently with any sentence of incarceration that Orr would be required to serve if his parole on the pre-existing NARA sentence were revoked.

On March 8, 1980, Orr was transferred to the custody of federal officials and sent to the Federal Correctional Institution at Danbury, Connecticut ("FCI Danbury"), and, on May 23, 1980, the United States Parole Commission retroactively rescinded Orr's presumptive parole date on his NARA sentence. Giving Orr credit for the 135 days he spent in the D.C. jail while awaiting sentence on the D.C. weapon and drug charges, the Parole Commission set Orr's statutory release date on the NARA sentence as September 18, 1981.

On May 7, 1981, the Parole Commission held a parole hearing concerning Orr's 2–6 year D.C. sentence. The Commission specified service of 32 months before parole eligibility and therefore set the presumptive parole date at November 6, 1982. In setting that date, the Commission treated the D.C. sentence as having commenced on Feb-

ruary 7, 1980, the date Orr was sentenced by Judge Weisberg.

On March 12, 1981, Orr submitted an administrative complaint ("BP–9") to the former Warden of FCI Danbury, requesting that he receive 135 days of credit on his 2–6 year D.C. sentence. This request was denied in a "response" dated March 18, 1981. On April 19, 1982, Orr submitted another BP–9 to the new Warden at FCI Danbury, Robert Gunnell. The new BP–9 included additional information that had not been included in the original BP–9, demonstrating the intention of the sentencing judge that Orr's 2–6 year sentence run concurrently with his prior NARA sentence. The second BP–9 was denied in a response dated May 3, 1982.

During the relevant 135 day period while Orr was in the D.C. jail, no federal detainer was filed with that facility. Orr was released on parole on October 18, 1982.

## II) Conclusions of Law

### A) Exhaustion and Mootness

Two threshold issues must be disposed of before reaching the substantive question presented here.

■ Orr filed this petition without seeking any administrative relief beyond filing a BP–9 petition. Where a habeas petitioner· is incarcerated, an appeal to the regional and then national boards of review is generally required, through BP–10 and BP–11 petitions. However, the government has not pointed to and the court is not aware of any comparable administrative procedures where a petitioner is on parole, as in this case. Petitioner's attorney informally verified this conclusion in a discussion with Stephen Grzgorek, Regional Director for the Northeast Region of the Bureau of Prisons. See Letter of John L. Pottenger, Jr., dated March 10, 1983, at 1. Thus, this petition is not barred for failure to exhaust available administrative remedies.

■ Neither is this petition rendered moot by Orr's parole. As the Supreme Court unanimously held in Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963),

"[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the ... Parole Board within the meaning of the habeas corpus statute..."

### B) Jail Time Credit

The narrow question presented here is whether Orr should be given credit toward his NARA sentence, his D.C. sentence, or both, for the 135 days he spent in the D.C. jail awaiting sentencing. Jail time credit is awarded pursuant to 18 U.S.C. § 3568 ("Section 3568"), which provides in part:

The Attorney General shall give any ... person credit toward service of his sentence for any days spent in custody *in connection with the offense or acts for which sentence was imposed.* As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

(Emphasis added.)

Orr was sentenced for violation of District of Columbia statutes. These are Acts of Congress, as required by Section 3568. *See, e.g., Whalen v. United States,* 445 U.S. 684, 687, 100 S.Ct. 1432, 1435, 63 L.Ed.2d 715 (1980). Similarly, the Superior Court for the District of Columbia was established by Act of Congress. *Ibid.* Section 3568 has therefore been held to govern the award of jail credit on D.C.Code offenses. *See, e.g., United States v. Lewis,* 447 F.2d 1262 (D.C. Cir.1971); *Bell v. D.C. Dep't of Corrections,* 403 A.2d 330 (D.C.Ct.App.1979).

The key language in Section 3568 is "in connection with the offense or acts for which sentence was imposed." If Orr was held in the D.C. jail for the 135 day period between September 25, 1979, and February 7, 1980, in connection with his D.C. weapons and drugs charges, then he must be given

credit for that time toward his D.C. sentence.

Orr was an escaped prisoner when he committed the D.C. offenses. The D.C. jail is, like a federal prison, ultimately under the supervisory power of the Attorney General. The government argues that since Orr was in the custody of the Attorney General while in the D.C. jail, and Orr's NARA sentence was still running, those days must be credited only to the NARA sentence.

It seems plain, however, that Orr was held in the D.C. jail "in connection with" the D.C. offenses, not the NARA offense. No federal detainer was filed with the D.C. jail pursuant to the NARA offense. The $7,500 surety bond apparently was set with only the D.C. charges in mind. By every indication, the D.C. jail knew nothing about Orr's status as an escaped prisoner and would have released him if he had posted the bond.

A different situation would be presented if Orr had posted bond in the D.C. charges and then been detained on the NARA charge. In such a case, the custody would clearly be "in connection with" the federal offense.

The government argues that this result affords Orr double credit, since the Parole Commission has already shortened his NARA sentence by 135 days. Double credit is generally not permitted. *See, e.g., Roche v. Sizer,* 675 F.2d 507, 510 (2d Cir.1982). Orr counters that double credit is appropriate here because Judge Weisberg made the two sentences concurrent.

This court need not decide whether credit also should be given on the NARA sentence. If the 135 day credit were to be removed from the NARA sentence, that sentence would have expired January 31, 1982, months before Orr filed this habeas petition, and before the earliest date on which he was eligible for release on the D.C. charges. Whether or not credit is awarded to the NARA sentence is thus a moot issue.

Pursuant to 28 U.S.C. § 1361, the Parole Commission is hereby ORDERED to reduce petitioner Orr's remaining period of parole for his D.C. offenses by 135 days. The records of the Parole Commission and the Bureau of Prisons should reflect that petitioner's NARA sentence was completed as of January 31, 1982.