**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph BAEZ, Sr., Defendant-Appellant.**

**No. 83–1852.**

United States Court of Appeals,
Tenth Circuit.

April 19, 1984.

William S. Price, U.S. Atty., and Stephen J. Korotash, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Fred J. Shaeffer, Norman, Okl., for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-defendant, Ralph Baez, Sr., pleaded guilty to a one-count charge of misprision of felony in violation of 18 U.S.C. § 4 and was sentenced to the maximum penalty permitted by the statute, three years imprisonment and a fine of five hundred dollars. The court ordered that defendant was not to be credited with the time which he already had spent in custody. The court directed counsel to appeal his ruling that he was not entitled to credit for the time in custody. R. III, pp. 5–7. We reverse.

In February, 1982, defendant was found guilty on one count of conspiracy to possess PCP, a Schedule II non-narcotic, with intent to distribute, one count of distribution of PCP and one count of use of a communication facility to distribute PCP, all in violation of the Controlled Substances Act. On appeal the convictions were reversed and remanded. *United States v. Baez*, 10 Cir., 703 F.2d 453.

The parties then negotiated a plea agreement whereby defendant agreed to plead guilty to one count of misprision of felony and the government agreed to dismiss the indictment. This was done. The defendant was given the maximum sentence. At the time of the plea defendant had been in custody nineteen months. The court ordered that the defendant be denied credit for the time spent in custody.

Although there is ordinarily no right of appeal from a plea of guilty, we take it that the provision of the sentence that the defendant be denied time spent in prison after his arrest raised question as to the legality of the sentence. Indeed, the court must have had doubts as it directed the defendant to appeal. In the circumstances presented, we take jurisdiction for the purpose of correcting an illegal sentence.

The statutory provision controlling the grant of credit for time spent in custody, 18 U.S.C. § 3568 as amended, provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed...."

As originally enacted, 18 U.S.C. § 3568 contained no provision for the allowance of credit, and sentencing courts provided cred-

it in their discretion. *Soyka v. Alldredge,* 3 Cir., 481 F.2d 303, 305. In 1960, the statute was amended to provide that the Attorney General should grant credit for pre-sentence custody to those sentenced to minimum term offenses. Pub.L. 86–691, § 1(a), 74 Stat. 738. Then, in the Bail Reform Act of 1966, Pub.L. 89–465, § 4, 80 Stat. 217, Congress amended the statute to its present form, striking the limitation relating to minimum term offenses, and providing that credit should be given for time spent in custody in connection with the "offense *or acts* for which sentence was imposed." (Emphasis added.) The purpose of the addition of the language "or acts" was stated in H.R.Rep. No. 1541, 89th Cong., 2d Sess., *reprinted in* 2 U.S. Cong. & Admin.News 1966, 2293, 2294–2295:

> "Amendment No. 15 would insert the phrase 'or acts' so as to include not only the offense but also acts for which sentence was imposed as a basis for credit toward service of a sentence for days spent in custody. The purpose behind this amendment is to cover a condition where the defendant may have been arrested for a crime but subsequently is convicted of a lesser crime; thus, under the amendment, even though convicted of a lesser crime, he is given credit for the time spent in custody while awaiting trial on the charge of a greater crime...."

■ In denying credit for the time spent in jail the trial court reasoned that misprision of felony was not a lesser included offense but was a separate and distinct offense from the drug offense. The court's reasoning seems contrary to the intent of Congress. The crime of misprision of felony has four elements: (1) commission of the felony alleged; (2) the accused had full knowledge of that fact; (3) the accused failed to notify authorities; and (4) the accused took an affirmative step to conceal the crime. *United States v. Hodges,* 9 Cir., 566 F.2d 674, 675. By his guilty plea, defendant admitted all these elements. His conviction, while to a lesser offense, was based on acts committed in the greater drug offense. The fact that it was not a lesser included offense would seem to make no difference.

■ In any event, Congress by the passage of the Bail Reform Act in 1966, amended § 3568, delegating to the Attorney General initial discretion to determine credit for defendant's time in custody prior to imposition of sentence. *United States v. Mathis,* 11 Cir., 689 F.2d 1364, 1365. This is not the province of the sentencing court. *Soyka v. Alldredge,* 3 Cir., 481 F.2d 303, 305; *United States v. Clayton,* 9 Cir., 588 F.2d 1288, 1292–1293.

Our decisions in *Brotherton v. United States,* 10 Cir., 420 F.2d 1357, and *Smith v. United States,* 10 Cir., 413 F.2d 975, cert. denied, 396 U.S. 932, 90 S.Ct. 273, 24 L.Ed.2d 231, are not pertinent because in each case sentence was imposed before the 1966 amendment to § 3568. In *Goode v. McCune,* 10 Cir., 543 F.2d 751, we denied credit for state incarceration. In *Ortega v. United States,* 10 Cir., 510 F.2d 412, we denied credit for time defendant was released on bond. In *Bruss v. Harris,* 10 Cir., 479 F.2d 392, 393, we denied credit for time when the defendant was in state custody. In the *Goode, Ortega* and *Bruss* cases, the question of the district court's jurisdiction to grant or deny credit was not raised.

By the passage of § 3568, as amended, Congress delegated to the Attorney General the initial discretion of giving a defendant credit toward service of sentence for any days spent in custody "in connection with the offense or acts for which sentence was imposed." See *United States v. Steel,* E.D.Okl., 400 F.Supp. 39, 40. The district court should require the defendant to utilize this administrative remedy. *O'Connor v. Attorney General,* 5 Cir., 470 F.2d 732, 734.

■ The sentence of the district court of three years imprisonment and a fine of $500.00, being the maximum permitted by 18 U.S.C. § 4, is affirmed. The order of the district court that the "time previously served on other criminal charges will not

be applied to this separate and independent action" is reversed and set aside as beyond the jurisdiction of the court.

Affirmed in part and reversed in part.