John V. NORRIS, Appellant,

v.

James FREEMAN, et al., Appellees.

No. 84–198.

District of Columbia Court of Appeals.

Submitted Feb. 20, 1985.

Decided Sept. 16, 1985.

---

Michael L. Spekter, Washington, D.C., appointed by the court, for appellant.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before NEBEKER, BELSON and ROGERS, Associate Judges.

PER CURIAM:

Appellant petitioned the Superior Court for a writ of habeas corpus, claiming that he should receive credit, in addition to that already allowed for presentence time spent in custody. The court denied appellant's application on the grounds that he had failed to exhaust his available administrative remedies. We affirm that judgment.

In December 1981, while on parole, appellant was arrested for committing petit larceny, a misdemeanor, D.C. Code § 22–2202 (1981), *repealed and superseded by* District of Columbia Theft and White Collar Crimes Act of 1982, D.C. Law 4–164, 29 D.C. Reg. 3976. He was released on his personal recognizance pending trial. On January 14, 1982, appellant was arrested for committing a burglary, a felony, *id.* § 22–1801, *repealed and superseded by* District of Columbia Theft and White Collar Crimes Act of 1982, D.C. Law 4–164, 29 D.C. Reg. 3976. The incident that engendered the felony charge was separate from the one giving rise to the misdemeanor charge. On January 19, 1982, a $5,000 cash or surety bond was placed on appellant in the felony case. On January 22, 1982, the D.C. Board of Parole issued a parole violator warrant and lodged it as a detainer against appellant in the felony case. On January 27, 1982, while being held in the felony case, appellant's personal recognizance in the misdemeanor case was revoked because of the pending felony charge, and a $2,000 cash or surety bond was set.

A jury trial on the misdemeanor charge resulted in a conviction of attempted petit larceny. On November 23, 1982, appellant was sentenced on the misdemeanor to 1 year in jail. Because the court gave him credit for time served, appellant "short termed out" on his sentence on November 27, 1982. On November 29, 1982, the Board of Parole ordered its detainer warrant executed in the felony case. At a hearing held on February 25, 1983, the Board revoked appellant's parole. He was reparoled on June 11, 1983, but remained in custody because of the $5,000 bond in the felony case. On July 20, 1983, appellant's bond in the felony case was modified to $4,000 cash or surety. He remained in custody.

On November 10, 1983, appellant pled guilty to two lesser-included offenses in the felony case: petit larceny and destruction of property. He was sentenced to serve 1 year of incarceration on each count, the terms to run consecutively to one another. The court gave credit to appellant for three time periods: (1) the time spent in custody

from the date he was arrested on the felony charge, January 14, 1982, to the date the bond on his misdemeanor case was set, January 26, 1982; (2) the one day, November 28, 1982, between the date he short termed out on his misdemeanor case and the date the Board of Parole executed its detainer warrant in the felony case, and (3) the time spent in custody from the date he was reparoled, June 11, 1983, to the date his sentence began in the felony case, November 9, 1983. Appellant was transferred to the Lorton Reformatory to complete service of his term of incarceration.

In January 1984, appellant filed a motion with the trial court requesting that his sentence be corrected pursuant to the federal statute governing presentence credit, 18 U.S.C. § 3568,[1] by the granting of credit for the time he had spent in pretrial custody from the day before the bond on his misdemeanor case was set, January 26, 1982, until he was sentenced in the misdemeanor case, November 23, 1982. The court denied the request, stating it lacked jurisdiction to act on the matter, and noting that appellant may petition for habeas corpus.

On January 31, 1984, appellant filed as a special proceeding in the Superior Court a petition for a writ of habeas corpus urging the same grounds for the granting of presentence credit as he had advanced in his previous motion. This the court denied on February 1, 1984, ruling that appellant "does not allege any violation of his Administrative Remedy Procedures." Appellant timely noted this appeal.

 Ordinarily, all available administrative remedies should be exhausted before resort is had to habeas corpus. *Dobson v. Cameron*, 127 U.S.App.D.C. 324, 325, 383 F.2d 519, 520 (1967) (en banc) (per curiam); *see Parisi v. Davidson*, 405 U.S. 34, 37–39, 92 S.Ct. 815, 817–18, 31 L.Ed.2d 17 (1972); *Hayes v. Secretary of Defense*, 169 U.S.App.D.C. 209, 515 F.2d 668 (1975). *See generally*, 39 C.J.S. *Habeas Corpus* § 11 (1976). This is particularly true where habeas corpus proceedings are initiated in pursuit of credit for time spent in custody prior to the imposition of sentence. Under 18 U.S.C. § 3568, "[t]he computation of the sentence is an administrative and not a judicial responsibility." *United States v. Lewis*, 145 U.S.App.D.C. 93, 96, 447 F.2d 1262, 1265 (1971) (footnote omitted); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985); *United States v. Baez*, 732 F.2d 780, 782 (10th Cir.1984); *Soyka v. Alldredge*, 481 F.2d 303, 305 (3d Cir.1973); *United States v. Morgan*, 425 F.2d 1388, 1389–90 (5th Cir.1970). A prisoner seeking presentence credit must exhaust his administrative remedies before he becomes entitled to seek judicial relief. *Chua Han Mow*, 730 F.2d at 1313; *United States v. Mathis*, 689 F.2d 1364, 1365 (11th Cir.1982); *O'Connor v. Attorney General*, 470 F.2d 732, 734 (5th Cir.1972); *United States v. Steel*, 400 F.Supp. 39, 40–41 (E.D.Okla.1975). Appellant has not done so.

 The District of Columbia Department of Corrections has established an Ad-

---

1. The statute provides in relevant part, that:
 The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.
 18 U.S.C. § 3568 (1982), *repealed* effective Nov. 1, 1986 by Pub.L. 98–473, Title 11, c. 11, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1987.

The statute applies to offenses under the D.C. Code, *Stapf v. United States*, 125 U.S.App.D.C. 100, 102, 367 F.2d 326, 328 (1966); *see United States v. Luck*, 214 U.S.App.D.C. 185, 664 F.2d 311 (1981) (per curiam); *Short v. United States*, 120 U.S.App.D.C. 165, 171–73, 344 F.2d 550, 556–58 (1965) (Fahy, J., concurring); *Bell v. D.C. Department of Corrections*, 403 A.2d 330 (1979) (per curiam), that are tried in the D.C. Superior Court, *see Bell, supra*. *See generally*, DEPARTMENT OF JUSTICE MEMORANDUM RE COMPARISON OF S. 1357, AS REPORTED BY THE SENATE JUDICIARY COMMITTEE, AND H.R. 10195, REPRINTED IN 1966 U.S. CODE CONG. & AD. NEWS 2307.

ministrative Remedy Procedure by which prisoners may seek formal redress of complaints about their incarceration. D.C. Dep't of Corrections, Department Order No. 4030.1 (Apr. 21, 1978).[2] The record before us does not evince any effort by appellant to avail himself of those procedures. Nor has appellant alleged any compelling circumstances that would excuse his failure to do so. *See Barnett v. District of Columbia Department of Employ-*

*ment Services,* 491 A.2d 1156, 1161 (D.C. 1985). *See generally,* 39 CJS, *Habeas Corpus* § 11 (1976).

*Affirmed.*

---

**2.** At the time appellant petitioned the Superior Court for a writ of habeas corpus, he was confined at the Occoquan facility which is managed by the District of Columbia Department of Corrections. D.C.Code § 24–442 (1984 Supp.). Operations at that facility are governed under rules and regulations promulgated by the Department, *id.,* and not under those formulated by the Federal Bureau of Prisons. *See, Cannon v. United States,* 207 U.S.App.D.C. 203, 211, 645 F.2d 1128, 1136 (1981); *Curry-Bey v. Jackson,* 422 F.Supp. 926, 930–31 (D.D.C.1976). Thus, the Administrative Remedy Procedure issued by the Department is the appropriate avenue of relief for appellant to follow to obtain presentence credit. That procedure is similar to the Administrative Remedy Procedure for Inmates

established by the Bureau of Prisons for use by prisoners confined in federal facilities, 28 C.F.R. § 542.10–542.16 (1984), which must be exhausted before a claim for presentence credit under 18 U.S.C. § 3568 may be litigated in court. *Chua Han Mow,* 730 F.2d at 1313–14.

We further observe that the Department has established specific procedures for giving credit for time spent in custody before the commencement of sentence. D.C.Dep't of Corrections, Department Order No. 4330.1 (Aug. 20, 1970). Those procedures parallel the ones used in the federal prison system. U.S.Dep't of Justice, Federal Prison System Program Statement No. 5880–24 (Sept. 5, 1979); *see Mathis,* 689 F.2d at 1365.