927 F.2d 1258
 288 U.S.App.D.C. 403
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Natalie M. TUCKER, Appellant,
v.
Richard L. THORNBURGH, et al.
 No. 90-5068.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 11, 1991.
 
 AFFIRMED.
 Before MIKVA, Chief Judge, and Ruth BADER Ginsburg and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel, the motion for summary affirmance, the motion to dismiss, this court's order to show cause issued June 18, 1990, and appellant's response thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for appointment of counsel be denied. Except in a criminal trial and on appeal therefrom, appointment of counsel is exceptional and is unwarranted when appellant has not demonstrated sufficient likelihood of success on the merits. See Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C.Cir.1984); D.C.Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 4
 FURTHER ORDERED that the motion to dismiss be granted in part. Appellant failed to obtain a certificate of probable cause to pursue her habeas corpus claims. See 28 U.S.C. Sec. 2253; Garris v. Lindsay, 794 F.2d 722, 724-25 (D.C.Cir.), cert. denied, 479 U.S. 993 (1986). Insofar as the appeal may be construed as a request for a certificate of probable cause, the request must be denied because appellant has failed to show that her remedy under D.C.Code Ann. Sec. 23-110 is inadequate or ineffective to challenge the computation of her sentence and parole eligibility date. See Swain v. Pressley, 430 U.S. 372, 381 (1977); Garris, 794 F.2d at 725-26; Norris v. Freeman, 497 A.2d 1108, 1110 (D.C.1985) (D.C. prisoner challenging calculation of his sentence may seek writ of habeas corpus in D.C. Superior Court after exhaustion of administrative remedies). It is
 
 
 5
 FURTHER ORDERED that appellant's claim that she was improperly transferred to FCI Lexington be dismissed as moot. It is
 
 
 6
 FURTHER ORDERED that the district court's order of January 25, 1990, be summarily affirmed regarding appellant's claim that the D.C. Good Time Credits Act violates her rights under the equal protection clause and that it will result in a longer term of incarceration. See D.C.Code Ann. Secs. 24-425 to 24-434. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam ); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam ), cert. denied, 449 U.S. 994 (1980). The district court properly dismissed appellant's discrimination claim. See Jackson, et al. v. Thornburgh, 907 F.2d 194 (D.C.Cir.1990) (D.C. Good Time Credits Act does not violate constitutional right of equal protection of female D.C. prisoners incarcerated in federal institutions).
 
 
 7
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.