956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leonard D. WHITE, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION; U.S. Parole Officer; Art Beeler,
Warden, Respondents-Appellees.
 No. 91-6178.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, a federal prisoner serving a six-year term of imprisonment following a conviction for theft of an interstate shipment, 18 U.S.C. § 659, appeals the district court's denial of his petition for habeas relief asserted under 28 U.S.C. § 2241. The issue presented in this appeal is whether Petitioner is entitled to have his current federal sentence credited with time spent in custody prior to the federal conviction and for time served in a state prison as a result of several Oklahoma convictions. Having carefully considered the record and the parties' arguments, we affirm.
 
 
 3
 Petitioner alleges the following facts: On February 15, 1982, Oklahoma authorities arrested Petitioner on charges of possession of a stolen vehicle and possession of stolen property. Petitioner was released on bond on February 23.
 
 
 4
 Federal authorities arrested Petitioner on March 5, 1982, based upon an indictment dated March 2, 1982, charging Petitioner with theft of an interstate shipment. Petitioner could not meet the bond on this federal charge and, therefore, he remained in custody in the Tulsa County Jail.
 
 
 5
 Petitioner entered a guilty plea to the federal theft charge and, on June 17, 1982, the federal district court committed Petitioner to the custody of the United States Attorney General for a period of six years. Following the imposition of this sentence, however, Petitioner remained in the Tulsa County Jail awaiting resolution of the pending state charges. On July 29, 1982, Petitioner pled guilty to the Oklahoma charge of possession of a stolen vehicle. The state court sentenced Petitioner to four years' imprisonment. Petitioner was then transferred to a state prison on August 4, 1982, to serve his state sentence.
 
 
 6
 In October 1982, Petitioner pled guilty to state charges of second degree burglary and grand larceny. The state court sentenced Petitioner to two four-year terms of imprisonment, to be served concurrently to each other and concurrently to the earlier state sentence. Following completion of these state sentences on July 16, 1984, state officials released Petitioner to the custody of federal authorities for service of his federal theft sentence.
 
 
 7
 Petitioner argues that he is entitled to have his federal sentence credited with the time he spent in custody from March 5, 1982, the date of his federal arrest, through July 16, 1984, the date Petitioner completed his state sentences.[1] Although Petitioner was in custody, beginning March 5, 1982, based upon the federal theft charge, Respondents submitted, as an exhibit to their response to the habeas petition, a letter from an official of the Oklahoma Department of Corrections which indicated that the state had credited Petitioner's state sentences for the time he spent in custody prior to either the federal or the state convictions. IR. doc. 6, Ex. 4 of Ex. O. Petitioner did not contest the accuracy of this letter. See Blango v. Thornburgh, 942 F.2d 1487, 1493 (10th Cir.1991). Petitioner is not entitled to have the time spent in pretrial custody credited to both his state and his federal sentences. See, e.g., Goode v. McCune, 543 F.2d 751, 753 (10th Cir.1976).
 
 
 8
 Petitioner next argues that he began serving the federal theft sentence on the day that sentence was imposed, June 17, 1982. A federal sentence, however, does not commence on the day the sentencing court imposes the sentence; rather, a federal sentence "shall commence to run from the date on which" the person convicted of a federal offense "is received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568 (repealed, but applicable to offenses committed prior to November 1, 1987); see also Anderson v. United States, 405 F.2d 492, 493 (10th Cir.), cert. denied, 394 U.S. 965 (1969). Petitioner was not received at a federal prison for service of the federal sentence until he had completed serving the state sentences, on July 16, 1984, and state officials released Petitioner into federal custody.
 
 
 9
 Lastly, Petitioner argues that he is entitled to have his federal sentence credited with time spent in state custody based upon the Oklahoma conviction for possession of a stolen vehicle because both the federal theft conviction and the state possession conviction were based upon the same conduct. Section 3568 requires the Attorney General to give a prisoner "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." The purpose of this provision
 
 
 10
 is to cover a condition where the defendant may have been arrested for a crime but subsequently is convicted of a lesser crime; thus, under [this provision], even though convicted of a lesser crime, he is given credit for the time spent in custody while awaiting trial on the charge of a greater crime....
 
 
 11
 United States v. Baez, 732 F.2d 780, 782 (10th Cir.1984) (quoting H.R.Rep. No. 1541, 89th Cong., 2d Sess., reprinted in 2 U.S.Cong. & Admin.News 1966, 2293, 2294-95). " '[T]here is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge,' " Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991) (quoting Raines v. United States Parole Comm'n, 829 F.2d 840, 843 (9th Cir.1987)), "even when the identical criminal 'acts' formed the basis for both the federal and state prosecutions," Jackson v. Brennan, 924 F.2d 725, 728 (7th Cir.1991) (dicta). See also Goode, 543 F.2d at 752-53.
 
 
 12
 Petitioner, therefore, was not entitled to credit on his current federal sentence for time spent in custody from March 5, 1982, to July 16, 1984. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner has not challenged, in the district court or on appeal, the recomputation of his federal sentence in light of two parole revocations. Rather, Petitioner has asserted that, because he should have received credit for his federal pretrial detention and the time served in state prison on the Oklahoma convictions, his federal sentence should have expired prior to the most recent revocation of his federal parole. Petitioner, thus, asserts that, at the time of his second parole revocation, the United States Parole Commission was without authority to retake Petitioner into custody