43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jon Kevin HARADER, Plaintiff-Appellant,
v.
Tom WOOTEN, Defendant-Appellee.
 No. 94-1098.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jon Kevin Harader appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241. Mr. Harader argues that his time on bail, during which he was subjected to electronic monitoring, should be credited to his sentence. We grant Mr. Harader's request to proceed in forma pauperis and dismiss for lack of jurisdiction.
 
 
 3
 On December 8, 1992, the police arrested Mr. Harader in Tacoma, Washington for participation in a marijuana growing operation. The authorities released him on $100,000 bail on December 22 subject to the following conditions: supervision, electronic monitoring, and drug testing. The government filed an indictment on January 6, 1993, charging Mr. Harader for manufacturing marijuana pursuant to 21 U.S.C. 841(a)(1), and aiding and abetting in the distribution of marijuana with intent to distribute pursuant to 18 U.S.C. 2. Mr. Harader pled guilty to the manufacturing charge on September 8. He received a 48-month sentence which he began serving on September 27, 1993. Mr. Harader files this writ of habeas corpus to gain credit for approximately nine months of supervised and electronically monitored bond. The district court, upon the magistrate's recommendation, denied the petition on the merits.
 
 
 4
 On appeal, the government argues that we lack jurisdiction because Mr. Harader has not exhausted his administrative remedies. We agree. Title 18 U.S.C. 3585 governs federal sentencing credits for all crimes committed after November 1, 1987. This statute's precursor stated, "The Attorney General shall give any such person credit toward service of his sentence." 18 U.S.C. 3568 (repealed 1987). We held that this language required exhaustion of administrative remedies with the Attorney General before seeking judicial review. United States v. Baez, 732 F.2d 780, 782 (10th Cir.1984). In section 3585, however, Congress deleted explicit reference to the Attorney General's role in determining sentencing credits. Although we implicitly held in United States v. Woods, 888 F.2d 653, 654 (10th Cir.1989), that section 3585, like section 3568, demands exhaustion of administrative remedies, we did not explicitly discuss the conspicuous absence of the Attorney General in the statute's text. Subsequently, however, the Supreme Court held that section 3585 does not authorize a district court to grant credit at sentencing. United States v. Wilson, 112 S.Ct. 1351, 1354 (1992). Instead, a defendant must file a petition with the Attorney General after commencement of the sentence, and the district court may thereafter review the Attorney General's denial of the petition. In support of this conclusion, the Supreme Court held that the Attorney General's role under section 3585 is identical to her role under section 3568. Id. at 1354-55.
 
 
 5
 Mr. Harader has not petitioned the Attorney General for his sentencing credit and therefore has not exhausted his administrative remedies. We therefore DISMISS this habeas corpus petition for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470