UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 3/1/96**

UNITED STATES OF AMERICA,     )
    )
    Plaintiff-Appellee,     )
    )     No.  95-2163
v.     )     (D.C. No. CR-94-531-JC)
    )     (Dist. N.M.)
MICHAEL DANIEL GOULD,     )
    )
    Defendant-Appellant.     )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. 34(a); 10th Cir. 34.1.9.  The cause is therefore ordered

submitted without oral argument.

Mr. Michael D. Gould pled guilty to one count of misprision of felony, pursuant to

18 U.S.C. § 4, based upon the sale of a firearm to a felon.  Prior to sentencing, Mr. Gould

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

moved to withdraw his guilty plea under Fed. R. Crim. P. 32(e). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, and we will not reverse unless the defendant can show that the court acted unjustly or unfairly." United States v. Gordon, 4 F.3d 1567, 1572-73 (10th Cir. 1993), cert. denied, 114 S. Ct. 1236 (1994).

"Although a criminal defendant does not have an absolute right to withdraw a plea of guilty, a request to withdraw such a plea made before imposition of sentence should be considered carefully and with liberality." United States v. Hancock, 607 F.2d 337 (10th Cir. 1979). The defendant has the burden of establishing that there is a fair and just reason for allowing withdrawal of his plea. Gordon, 4 F.3d at 1572. Where the defendant meets his burden, the government then has the opportunity to demonstrate prejudice. Fed. R. Crim. P. 32(d) advisory committee's note to 1983 amendment. The district court should consider the following factors to determine whether to allow withdrawal: (1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources. Gordon, 4 F.3d at 1572.

In the instant case, the district court found that "[t]here's nothing in what's been said to me to indicate that [Mr. Gould] has any defense to the indictment, and certainly not to the plea that he entered. I can't even say that he really is asserting his innocence.

Not being able to get over that hurdle, I won't allow him to withdraw the plea." Rec., vol. III at 27.

During the hearing on Mr. Gould's motion to withdraw his guilty plea, he testified that "I entered this plea under pressure and with a certain amount of haste." Rec., vol. III. at 5. "I was charged with something here that it wasn't my doing, and it just wasn't right." Id. at 12. He further testified that "I was told by Mr. Martinez that his felony conviction was very old. It was about twenty years, nineteen or twenty years prior." Id. at 8-9. Mr. Gould testified he did not believe that Mr. Martinez was prohibited from buying a firearm. Id. at 9.

"The crime of misprision of felony has four elements: (1) commission of the felony alleged; (2) the accused had full knowledge of that fact; (3) the accused failed to notify authorities; and (4) the accused took an affirmative step to conceal the crime." United States v. Baez, 732 F.2d 780, 782 (10th Cir. 1984). Mr. Gould's assertion that he did not know Mr. Martinez was prohibited from purchasing a firearm is supported by his testimony and negates the second element required to prove misprision of a felony.

The district court's denial of Mr. Gould's motion to withdraw his guilty plea rested solely on the court's belief that Mr. Gould failed to assert his innocence. On the contrary, we are persuaded that Mr. Gould's assertion of lack of knowledge constituted an assertion of innocence. Accordingly, the district court abused its discretion when it denied Mr. Gould's motion to withdraw his guilty plea for failure to assert his innocence. We

remand to the district court with directions to reassess Mr. Gould's motion to withdraw

his guilty plea under the standards set out in <u>Gordon</u>.[1]

REVERSED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] We note that although a protestation of innocence is an important factor in assessing whether a defendant has demonstrated a fair and just reason for withdrawal of his plea, <u>see</u> Fed. R. Crim. P. advisory committee's note to 1983 amendment, it is not dispositive.  If a fair and just reason is established, the court must then consider the issue of substantial prejudice to the government.  <u>Id</u>.