## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

ROBERT ALLEN CUSTARD,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 20-6092
(D.C. No. 5:19-CV-00540-J)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Robert Custard, an Oklahoma prisoner, appeals the district court's dismissal of

his petition for habeas corpus under 28 U.S.C. § 2241.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

### BACKGROUND

Custard is serving a 30-year prison sentence for a 1993 felony conviction in

Stephens County, Oklahoma, for knowingly concealing stolen property after a felony

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction. Before October 2017, Custard was in federal prison for a separate 1993 felony conviction in the District of Colorado for kidnapping and possession of a firearm after a felony conviction. Originally, Custard's federal sentence was 360 months' imprisonment. But, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 606 (2015), the federal court resentenced Custard in October 2017 to a shorter term of imprisonment: 137 months. Based on this new sentence, Custard had overserved his federal sentence by thirteen or fourteen years.[1]

Custard began serving his Oklahoma sentence, which the state court had made consecutive to his federal sentence, after his release from federal custody. Custard filed a § 2241 petition asserting he is constitutionally entitled to credit toward his Oklahoma sentence for the time he overserved on his federal sentence. The district court dismissed the petition and granted a certificate of appealability. Custard now appeals.

## DISCUSSION

Because he proceeds pro se, we construe Custard's arguments liberally, but we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We review the district court's dismissal of Custard's § 2241 petition de novo. *See Abernathy v. Wandes*, 713 F.3d 538, 544 (10th Cir. 2013).

---

[1] The parties differ as to the exact date Custard's revised federal sentence ended, but their disagreement is not material to this appeal.

2

This court has not squarely addressed the question Custard's petition presents. We have held a state prisoner is constitutionally entitled to credit against a consecutive state sentence for time served on a state sentence later determined to be erroneous. *See Goodwin v. Page*, 418 F.2d 867, 868 (10th Cir. 1969) ("To hold otherwise would abuse due process, shock the judicial conscience and effect the imposition of a cruel and unusual punishment under the eighth amendment."). We have also held, though, that a federal prisoner is *not* constitutionally entitled to credit against a federal sentence for time served on a state sentence even where the state court ordered the state sentence be concurrent with the federal sentence. *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991).

We have not previously addressed whether a state prisoner is constitutionally entitled to credit against a consecutive state sentence for time served on a federal sentence later determined to be erroneous. The Eighth Circuit, however, confronted this situation in *Bagley v. Rogerson*, 5 F.3d 325, 330 (8th Cir. 1993). The court rejected the prisoner's claim to credit against the federal sentence:

> In short, the federal Constitution did not require the State . . . to grant [the petitioner] credit on a state sentence on account of legal errors made by the federal district court that had sentenced him on federal convictions that were later reversed on appeal. If an injustice has been done, it has been done by the United States, not by the State . . . .

*Id.* We conclude this reasoning is persuasive. Custard "owed a debt to two separate sovereigns, each of which ha[s] a right to exact its debt independently of the other." *Goode v. McCune*, 543 F.2d 751, 753 (10th Cir. 1976). And, neither the Due Process

3

Clause, the Eighth Amendment, nor any other constitutional provision requires that Oklahoma modify its sentence to account for the excessive length of a sentence imposed in a different jurisdiction for a different crime. The district court therefore correctly dismissed Custard's petition.

In light of this ruling, we need not consider the district court's rejection of Oklahoma's failure-to-exhaust argument.

## CONCLUSION

We affirm the judgment of the district court. We deny Custard's motion for appointed counsel, and we deny as moot his motion for expedited ruling.

Entered for the Court

Gregory A. Phillips
Circuit Judge